**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) | 1:10-cv-3494 |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge Dow |
| CCH, INCORPORATED, | ) ) | Magistrate Judge Ashman |
| Defendant. | ) ) | JURY DEMANDED |

**AMENDED COMPLAINT**

**CLASS ACTION**

1.      Plaintiff Nicholas Martin brings this action against CCH, Incorporated ("CCH") to secure redress for violation of the Illinois Electronic Mail Act, 815 ILCS 511/5 et seq. ("IEMA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2.      The defendant corporation has engaged in an impermissible advertising campaign for its tax products, including the sending of spam emails and so-called "robocalls" to plaintiff's cellular telephone.

**JURISDICTION AND VENUE**

3.      The Court has federal question jurisdiction over the TCPA claims.  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).  There is supplemental jurisdiction pursuant to 28 U.S.C. § 1367, for the Illinois Electronic Mail Act claims.

4.      Venue is proper because a substantial portion of the events complained of occurred in this District and defendant has a principal place of business here.

1

**PARTIES**

5.      Plaintiff is an individual who resides in this District.

6.      CCH, Incorporated is a Delaware corporation that is engaged in selling, among other things, tax-related products and services.  Its registered agent in Illinois is CT Corporation System, Inc., 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.  Its headquarters are in Riverwoods, Illinois.

**FACTS**

7.      CCH sent the email attached as Exhibit A to plaintiff on December 29, 2009.

8.      CCH sent the email attached as Exhibit B to plaintiff on January 7, 2010.

9.      Plaintiff is not aware of any previous relationship that he might have with CCH. Upon information and belief, based upon a diligent inquiry by plaintiff, other than the improper communications directed to plaintiff by CCH, there has never been any relationship between plaintiff and CCH.

10.      Exhibits A and B were unsolicited.

11.      Both Exhibits A and B contain special technological devices that permit CCH to surreptitiously monitor data concerning receipt and review of its unsolicited emails.

12.      Further, the subject heading for both Exhibits A and B, "Buy now, pay Feb. 15" and "Offer extended-Buy now, pay Feb. 15" are designed to trick the recipient into believing that the email is from a company with which the recipient does business, and opening the email.   After all, unsolicited advertising emails are prohibited both by Illinois and federal law. The emails were otherwise misleading, too.

2

13.     When plaintiff did not respond to the email advertisements, CCH's advertising campaign persisted.

14.     On Monday, May 31, 2010, CCH called plaintiff on plaintiff's cellular telephone. Plaintiff answered, and there was a prerecorded advertising message that played.

15.     Plaintiff's cell phone number is on the National Do Not Call Registry.

16.     Upon information and belief, plaintiff's telephone number was dialed by a telephone system that does not need human intervention to dial.  Upon information and belief, no human being dialed plaintiff's telephone number on May 31, 2010, for the call on that date.

# COUNT I – Illinois Electronic Mail Act

17.     Plaintiff incorporates all previous paragraphs.

18.     As a result of CCH's unsolicited emails, plaintiff and the class suffered injury, which may include:

a.      lost productivity at their computers through having to distinguish and separate the unsolicited email or "spam" from legitimate personal or business email;

b.      lost storage space on email servers or accounts;

c.      invasion of privacy, based upon the use of "web bugs," cookies or other technology associated with the email, which, upon information and belief, has the purpose and effect of permitting CCH to harvest individual or aggregate data concerning receipt and response to emails;

d.      increased fees for internet service, as processing the Defendant's unsolicited email or "spam" increases internet service providers' expenses, which are then passed on to consumers;

e.      increased internet usage fees as dealing with Defendant's unsolicited email or "spam" contributed to extra unproductive time spent online, which costs money;

      f.     increased connection charges, as plaintiff and the class had to remain online for a greater period of time than they would have, if they did not have to sort through legitimate email and Defendant's unsolicited email or "spam".

19.    On information and belief, defendant sent similarly deceptive and misleading emails to other Illinois consumers and/or businesses.

20.    Exhibits A and B are deceptive and misleading because they contain special tools defendant may use to surreptitiously gather data about where the recipient is when he opens the email, and when the email is opened.  They are also deceptive and misleading because the subject lines do not state that the emails are advertisements, and the language used is misleading because it has the purpose and effect of making the recipient think the email is from someone with whom he has a preexisting relationship.

21.    Upon information and belief, Exhibit A and Exhibit B were each sent to more than 40 email addresses where either (a) the recipient was located in Illinois, or (b) the recipient had an Illinois IP address.

22.    On information and belief, defendant used harvesting software or some other mechanized means to discover plaintiff and the other class members' email addresses. Alternatively, defendant obtained the email addresses and phone numbers through some third party.

23.    Plaintiff brings this Count on behalf of a class.  The class is defined as:

All persons with Illinois addresses who were sent an email by or on behalf of defendant, where the email was sent at any time between and including June 8, 2007 and June 8, 2010, where the recipient and CCH did not have a prior or existing business or personal relationship at the time the email(s) were sent.

24.    Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff.

25.    Such questions common to the Class include, but are not limited to whether defendant's surreptitious information gathering and subject headings were misleading or deceptive within the meaning of the Illinois Electronic Mail Act.

26.    Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

27.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

28.    No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

29.    Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would

likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

30.     The identity of the class is likely readily identifiable from defendant's records.

31.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and the class and against defendant for:

      a.     Statutory damages under the Electronic Mail Act, 815 ILCS 511/10(c);

      b.     Attorney's fees and litigation costs; and

      c.     Any other relief the Court finds just and proper.

# COUNT II – TCPA

32.     Plaintiff incorporates paragraphs 1 through 16 of this complaint.

33.     It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice message.

34.     The violations of the TCPA were either willful or negligent.

35.     Plaintiff and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using an automatic dialing system and/or artificial or prerecorded voice message.

## **Class Allegations**

36.     Plaintiff brings Count II on behalf of a class, which consists of:

All persons with addresses in Illinois, Indiana or Wisconsin, who defendant or some person on its behalf called on their cell phone using an automatic telephone dialing system and/or prerecorded voice message, where the recipient had not provided CCH its prior express consent to receive such, where the call was made at any time between and including June 8, 2006 to June 8, 2010.

37.     Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

a.      Whether defendant used an automatic telephone dialing system or prerecorded or artificial voice message as those terms are defined in the TCPA and applicable FCC regulations and orders; and

b.      Damages, including whether the violation was willful.

38.     Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

39.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

40.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

41.     Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

42.     The identity of the class is likely readily identifiable from defendant's records.

43.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of himself and the class and against defendant that provides the following relief:

a.     Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

b.     A permanent injunction prohibiting defendant from violating the TCPA in the future through calling cellular phones using an automatic telephone dialing system and/or a prerecorded voice message; and

c.     Any other relief the Court finds just and proper.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC

8

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

## JURY DEMAND

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, emails, documents and all other tangible things that relate to plaintiff or the putative class members, or the sending of emails or making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke

# Exhibit A

**From:** CCH Small Firm Services [smallfirmservices@cchsfs.com]
**Sent:** Tuesday, December 29, 2009 8:56 PM
**To:**
**Subject:** Buy now, pay Feb. 15

To ensure delivery to your inbox, please add smallfirmservices@cchsfs.com to your address book.





www.cchsfs.com

Dear Tax Professional,

Still undecided on your tax software for this season? We can help.

Buy any **ATX™** or **TaxWise®** tax package by Dec. 31 and:

- **Don't pay until Feb. 15, 2010.** You'll have client fees coming in by then. All we ask is that you pay shipping, handling and state taxes, if applicable, when you order.

- **If you're not completely satisfied, return your software by Jan. 20, 2010 and pay nothing more** (and we'll refund your state tax, if you paid it).

- **You'll know all of your costs up front.** There are no extra or hidden fees. Our tax programs differ only in the number and types of forms they contain. But every package includes client organizers, customizable client letters and features which other companies don't provide or include only at an extra charge.

Which of our programs should you consider? That depends on your practice. Unlike other software companies, we don't believe that one size fits all.

**ATX:** With more than 10,000 federal, state and local forms, ATX is tailored to the small professional practice with a wide range of clients who have personal and business interests in

Call us today at **1-800-743-5480.** Our software consultants are available from 8:30 a.m. to 5:30 p.m. Eastern time, Monday through Friday.

**We'll get you up and running quickly.** Most of our tax packages include **FREE Orientation** to help you convert your client data, set up your software and get off to a smooth start.

**Here's what our customers say:**

"I selected ATX for the price and the fact that it could do so much."
**-- Howard Lancaster, CPA**

Click here for more customer comments about ATX.

"[TaxWise is] very accurate, very easy to use, easy to teach people how to use it.."
**-- Raul Encarnacion**

Click here for more customer comments about TaxWise.

many states. ATX offers the best value available in the industry today.

**TaxWise:** For more than 24 years, TaxWise has been the unchallenged leader for high-volume tax businesses, particularly those with multiple offices offering bank products. And TaxWise is the only professional tax program to both display and print more than 50 federal tax forms in Spanish, and include Spanish context-sensitive help as well.

Let us help you decide. Call **1-800-743-5480** today and talk with one of our expert software consultants about the product that's best for your practice. (We've even been known to recommend competitors' products when ours don't fit.)

Please give us a call today so we can help you get one more important decision out of the way this year.

Sincerely,

Rusty Tillman
Vice President, Sales
CCH Small Firm Services

PS – If you offer bank products, rest assured that we will be working with all four RAL banks – SBBT, Chase, Republic and River City. So you can select the bank you already know rather than working with someone new.

Shipping and handling and applicable sales tax are due at time of order. Shipping and handling fees are non-refundable. Other limitations may apply. Click here for full details.

© 2009 CCH Small Firm Services. All rights reserved.

This email address is not monitored on a regular basis. Please contact customer support, sales, or renewals departments with your respective inquiries. If you do not wish to receive unsolicited marketing messages from CCH Small Firm Services, please click "Unsubscribe".

CCH Small Firm Services
6 Mathis Drive NW
Rome, Georgia 30165 USA

# Exhibit B

**From:**   CCH Small Firm Services [smallfirmservices@cchsfs.com]
**Sent:**   Thursday, January 07, 2010 5:59 PM
**To:**
**Subject:**   Offer extended - Buy now, pay Feb. 15

To ensure delivery to your inbox, please add smallfirmservices@cchsfs.com to your address book.





www.cchsfs.com

Dear Tax Professional,

Still undecided on your tax software for this season? We can help.

Buy any **ATX™** or **TaxWise®** tax package by Jan. 15 and:

- **Don't pay until Feb. 15, 2010.** You'll have client fees coming in by then. All we ask is that you pay shipping, handling and state taxes, if applicable, when you order.

- **If you're not completely satisfied, return your software by Feb. 1, 2010 and pay nothing more** (and we'll refund your state tax, if you paid it).

- **You'll know all of your costs up front.** There are no extra or hidden fees. Our tax programs differ only in the number and types of forms they contain. But every package includes client organizers, customizable client letters and features which other companies don't provide or include only at an extra charge.

Which of our programs should you consider? That depends on your practice. Unlike other software companies, we don't believe that one size fits all.

**ATX:** With more than 10,000 federal, state and local forms, ATX is tailored to the small professional practice with a wide range of clients who have personal and business interests in

Call us today at **1-800-743-5480.** Our software consultants are available from 8:30 a.m. to 5:30 p.m. Eastern time, Monday through Friday.

**Here's what our customers say:**

"I selected ATX for the price and the fact that it could do so much."
**-- Howard Lancaster, CPA**

Click here for more customer comments about ATX.

"TaxWise is very accurate, very easy to use, and easy to teach people how to use…"
**-- Raul Encarnacion**

Click here for more customer comments about TaxWise.

many states. ATX offers the best value available in the industry today.

**TaxWise:** For more than 24 years, TaxWise has been the unchallenged leader for high-volume tax businesses, particularly those with multiple offices offering bank products. And TaxWise is the only professional tax program to both display and print more than 50 federal tax forms in Spanish, and include Spanish context-sensitive help as well.

Let us help you decide. Call **1-800-743-5480** today and talk with one of our expert software consultants about the product that's best for your practice. (We've even been known to recommend competitors' products when ours don't fit.)

Please give us a call so we can help you get ready for tax season.

Sincerely,

Rusty Tillman
Vice President, Sales
CCH Small Firm Services

Shipping and handling and applicable sales tax are due at time of order. Shipping and handling fees are non-refundable. Other limitations may apply. Click here for full details.

© 2010 CCH Small Firm Services. All rights reserved.

This email address is not monitored on a regular basis. Please contact customer support, sales, or renewals departments with your respective inquiries. If you do not wish to receive unsolicited marketing messages from CCH Small Firm Services, please click "Unsubscribe".

CCH Small Firm Services
6 Mathis Drive NW
Rome, Georgia 30165 USA