IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN, on behalf of himself and others similarly situated,<br>    Plaintiff,<br><br>        v.<br><br>CCH, INCORPORATED,<br>    Defendant. | )<br>)  1:10-cv-3494<br>)<br>)  Judge Dow<br>)<br>)<br>)  Magistrate Judge Ashman<br>)<br>)  JURY DEMANDED<br>) |

**PLAINTIFF'S REVISED MOTION FOR CLASS CERTIFICATION**

Plaintiff respectfully requests that, pursuant to both Fed.R.Civ.P. 23(b)(2) and 23(b)(3), this Court certify this case as a class action for two classes of similarly situated persons:

<u>IEMA Class</u> All persons with Illinois addresses who were sent an email by or on behalf of defendant, where the email was sent at any time between and including June 8, 2007 and June 8 2010, where the recipient and CCH did not have a prior or existing business or personal relationship at the time the email(s) were sent.

<u>TCPA Class</u>  All persons with addresses in Illinois, Indiana or Wisconsin, who defendant or some person on its behalf called on their cell phone using an automatic telephone dialing system and/or prerecorded voice message, where the recipient had not provided CCH its prior express consent to receive such, where the call was made at any time between and including June 8, 2006 to June 8, 2010.

Plaintiff further requests that the Court appoint plaintiff Nicholas Martin as the class representative, and Burke Law Offices, LLC as class counsel.

In further support of this motion, plaintiff states:

1.  Plaintiff Nicholas Martin brings this action against CCH, Incorporated ("CCH") to secure redress for violation of the Illinois Electronic Mail Act, 815 ILCS 511/5 et seq. ("IEMA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

1

2. The defendant corporation has engaged in an impermissible advertising campaign for its tax products, including the sending of spam emails and so-called "robocalls" to plaintiff's cellular telephone.

3. The emails, <u>Exhibits A</u> and <u>B</u>, are deceptive because, among other things, they are designed to have the capability to surreptitiously alert CCH of when the emails are opened, and the IP address of the computer where they are opened.  Upon information and belief, based upon the fact that CCH inserted such technology in its emails, CCH does in fact collect data about when and where its spam emails are opened.  The emails are also deceptive because they have subject lines that do not include an indication that they are advertisements, and the subject lines are designed to make the recipient believe the emails are from a company with whom the recipient already does business.

4. Plaintiff files this motion along with the filing of the complaint in this action in order to avoid defendant trying to "pick off" the class representative through an early settlement offer.  Plaintiff requests that the Court set a briefing schedule that allows time for service of the complaint, discovery regarding class issues and for plaintiff to file a supplemental initial memorandum in support of this motion.

5. All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

6. <u>Numerosity</u>.  Given the nature of the alleged violations, i.e. automatically generated mass advertisements, it is reasonable to infer that the defendant sent more than the 40 or so emails, and made more than the 40 or so robocalls, necessary to satisfy numerosity.

Joinder is therefore impracticable and satisfy numerosity for certification purposes. Fed.R.Civ.P. 23(a)(1).

7. <u>Common Questions Predominate</u>. There exist common questions of law and fact, which predominate over any individual questions. The class definitions ensure that all of the IMEA class members have identical claims, and that all of the TCPA class members have identical claims; both factually and legally. Fed.R.Civ.P. 23(a)(2) & 23(b)(3).

8. <u>Typicality</u>. Similarly, the plaintiff's claims are typical of the other class members. All of the claims are based upon a substantially identical set of facts and circumstances. Fed.R.Civ.P. 23(a)(3).

9. <u>Adequacy</u>. Plaintiff and counsel will fairly and adequately represent the class. Plaintiff's interests in this litigation are aligned with those of the class, and he has hired a lawyer experienced in class action and consumer litigation. <u>Exhibit C</u>. Fed.R.Civ.P. 23(a)(4).

10. <u>Defendant's Actions Applicable Generally</u>. The defendant has acted or failed to act on grounds generally applicable to each class member, and it is these generalized actions around which this case revolves. Defendant called each class member on his or her cellular telephone using an autodialer in order to deliver a prerecorded advertisement. Class-wide Injunctive relief under the TCPA 47 U.S.C. §227(b)(3)(A), along with corresponding declaratory relief is therefore appropriate. Fed.R.Civ.P. 23(b)(2). All class members would benefit from the cessation of these annoying calls.

11. <u>Superiority</u>. It is desirable to have this case litigated as a class action because the class mechanism is superior to individual actions. Plaintiff is not aware of any other cases alleging similar facts against these defendants; likely because the other members of the class

are not aware that their rights have been violated. Further, a class action is necessary to determine that defendants' conduct is a violation of law and to redress the class members' statutory damages. Fed.R.Civ.P. 23(b)(3).

12. Because the prerequisites of Fed.R.Civ.P. 23(b)(2) and 23(b)(3) are satisfied, this Court should certify the class. Plaintiff requests that the Court set a briefing schedule for this motion sufficient to permit time for service of the complaint, discovery and the filing of a supplemental memorandum in support of this motion.

WHEREFORE, plaintiff respectfully requests that this Court certify this case as a class action as to the class defined herein, and appoint plaintiff Nicholas Martin as the class representative, and Burke Law Offices, LLC as class counsel.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

# Exhibit A

| | |
|---|---|
| **From:** | CCH Small Firm Services [smallfirmservices@cchsfs.com] |
| **Sent:** | Tuesday, December 29, 2009 8:56 PM |
| **To:** | |
| **Subject:** | Buy now, pay Feb. 15 |

To ensure delivery to your inbox, please add smallfirmservices@cchsfs.com to your address book.





www.cchsfs.com

Dear Tax Professional,

Still undecided on your tax software for this season? We can help.

Buy any **ATX™** or **TaxWise®** tax package by Dec. 31 and:

- **Don't pay until Feb. 15, 2010.** You'll have client fees coming in by then. All we ask is that you pay shipping, handling and state taxes, if applicable, when you order.
- **If you're not completely satisfied, return your software by Jan. 20, 2010 and pay nothing more** (and we'll refund your state tax, if you paid it).
- **You'll know all of your costs up front.** There are no extra or hidden fees. Our tax programs differ only in the number and types of forms they contain. But every package includes client organizers, customizable client letters and features which other companies don't provide or include only at an extra charge.

Which of our programs should you consider? That depends on your practice. Unlike other software companies, we don't believe that one size fits all.

**ATX:** With more than 10,000 federal, state and local forms, ATX is tailored to the small professional practice with a wide range of clients who have personal and business interests in

Call us today at **1-800-743-5480**. Our software consultants are available from 8:30 a.m. to 5:30 p.m. Eastern time, Monday through Friday.

**We'll get you up and running quickly.** Most of our tax packages include **FREE Orientation** to help you convert your client data, set up your software and get off to a smooth start.

**Here's what our customers say:**

"I selected ATX for the price and the fact that it could do so much."
**-- Howard Lancaster, CPA**

Click here for more customer comments about ATX.

"[TaxWise is] very accurate, very easy to use, easy to teach people how to use it.."
**-- Raul Encarnacion**

Click here for more customer comments about TaxWise.

many states. ATX offers the best value available in the industry today.

**TaxWise:** For more than 24 years, TaxWise has been the unchallenged leader for high-volume tax businesses, particularly those with multiple offices offering bank products. And TaxWise is the only professional tax program to both display and print more than 50 federal tax forms in Spanish, and include Spanish context-sensitive help as well.

Let us help you decide. Call **1-800-743-5480** today and talk with one of our expert software consultants about the product that's best for your practice. (We've even been known to recommend competitors' products when ours don't fit.)

Please give us a call today so we can help you get one more important decision out of the way this year.

Sincerely,

Rusty Tillman
Vice President, Sales
CCH Small Firm Services

PS – If you offer bank products, rest assured that we will be working with all four RAL banks – SBBT, Chase, Republic and River City. So you can select the bank you already know rather than working with someone new.

Shipping and handling and applicable sales tax are due at time of order. Shipping and handling fees are non-refundable. Other limitations may apply. Click here for full details.

© 2009 CCH Small Firm Services. All rights reserved.

This email address is not monitored on a regular basis. Please contact customer support, sales, or renewals departments with your respective inquiries. If you do not wish to receive unsolicited marketing messages from CCH Small Firm Services, please click "Unsubscribe".

CCH Small Firm Services
6 Mathis Drive NW
Rome, Georgia 30165 USA

# Exhibit B

| | |
|---|---|
| **From:** | CCH Small Firm Services [smallfirmservices@cchsfs.com] |
| **Sent:** | Thursday, January 07, 2010 5:59 PM |
| **To:** | |
| **Subject:** | Offer extended - Buy now, pay Feb. 15 |

To ensure delivery to your inbox, please add smallfirmservices@cchsfs.com to your address book.





www.cchsfs.com

Dear Tax Professional,

Still undecided on your tax software for this season? We can help.

Buy any **ATX™** or **TaxWise®** tax package by Jan. 15 and:

- **Don't pay until Feb. 15, 2010.** You'll have client fees coming in by then. All we ask is that you pay shipping, handling and state taxes, if applicable, when you order.
- **If you're not completely satisfied, return your software by Feb. 1, 2010 and pay nothing more** (and we'll refund your state tax, if you paid it).
- **You'll know all of your costs up front.** There are no extra or hidden fees. Our tax programs differ only in the number and types of forms they contain. But every package includes client organizers, customizable client letters and features which other companies don't provide or include only at an extra charge.

Which of our programs should you consider? That depends on your practice. Unlike other software companies, we don't believe that one size fits all.

**ATX:** With more than 10,000 federal, state and local forms, ATX is tailored to the small professional practice with a wide range of clients who have personal and business interests in

Call us today at **1-800-743-5480**. Our software consultants are available from 8:30 a.m. to 5:30 p.m. Eastern time, Monday through Friday.

**Here's what our customers say:**

"I selected ATX for the price and the fact that it could do so much."
**-- Howard Lancaster, CPA**

Click here for more customer comments about ATX.

"TaxWise is very accurate, very easy to use, and easy to teach people how to use…"
**-- Raul Encarnacion**

Click here for more customer comments about TaxWise.

many states. ATX offers the best value available in the industry today.

**TaxWise:** For more than 24 years, TaxWise has been the unchallenged leader for high-volume tax businesses, particularly those with multiple offices offering bank products. And TaxWise is the only professional tax program to both display and print more than 50 federal tax forms in Spanish, and include Spanish context-sensitive help as well.

Let us help you decide. Call **1-800-743-5480** today and talk with one of our expert software consultants about the product that's best for your practice. (We've even been known to recommend competitors' products when ours don't fit.)

Please give us a call so we can help you get ready for tax season.

Sincerely,

Rusty Tillman
Vice President, Sales
CCH Small Firm Services

Shipping and handling and applicable sales tax are due at time of order. Shipping and handling fees are non-refundable. Other limitations may apply. Click here for full details.

© 2010 CCH Small Firm Services. All rights reserved.

This email address is not monitored on a regular basis. Please contact customer support, sales, or renewals departments with your respective inquiries. If you do not wish to receive unsolicited marketing messages from CCH Small Firm Services, please click "Unsubscribe".

CCH Small Firm Services
6 Mathis Drive NW
Rome, Georgia 30165 USA

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN, on behalf of himself and others similarly situated,<br>　　Plaintiff,<br><br>v.<br><br>CCH, INCORPORATED,<br>　　Defendant. | )<br>)  1:10-cv-3494<br>)<br>)<br>)<br>)<br>)<br>)  JURY DEMANDED<br>) |

### **DECLARATION OF ALEXANDER H. BURKE**

I am Alexander H. Burke, manager of Burke Law Offices, LLC.

In September 2008, I opened Burke Law Offices, LLC. This firm concentrates on consumer class action and consumer work on the plaintiff side. Since the firm began, it has prosecuted cases for consumers under the Fair Debt Collection Practices Act, Fair Credit Reporting Act, Equal Credit Opportunity Act, Electronic Funds Transfer Act, Illinois Consumer Fraud Act, Truth in Lending Act and the Fair Labor Standards Act, among others. The firm also occasionally accepts mortgage foreclosure defense or credit card defense case. Except for debt collection defense cases, the firm works almost exclusively on a contingency basis.

My legal career began at Edelman, Combs, Latturner & Goodwin, LLC, in Chicago, Illinois, where I spent nearly three years litigating exclusively consumer cases. I estimate that approximately sixty-five percent of those cases were class actions. In 2007, I joined the Law Offices of Keith J. Keogh, Ltd., another consumer rights law firm, where my practice was again limited almost exclusively to consumer class action.

I make substantial efforts to remain current on the law, including class action issues. I attended the National Consumer Law Center Consumer Rights Litigation Conference in 2006, 2007, 2008 and 2009, and was an active participant in the Consumer Class Action Intensive Symposium at each of those conferences. In October 2009, I spoke on a panel of consumer class action attorneys welcoming newcomers to the conference. In addition to regularly attending Chicago Bar Association meetings and events, I am the vice-chair of the Chicago Bar Association's consumer protection section, and in November 2009, I moderated a panel of judges and attorneys discussing recent events and decisions concerning arbitration of consumer claims and class action bans in consumer contracts.

Some notable class actions that I have worked on include:

*Greene v. DirecTV, Inc.*, 2010 WL 1506730 (N.D.Ill. April 14, 2010) (motion to dismiss denied as to class TCPA and FCRA claims); *Donnelly v. NCO Financial Systems, Inc.*, 263 F.R.D. 500 (N.D.Ill. Dec. 16, 2009) Fed.R.Civ.P. 72 objections overruled in toto, --- F.Supp.2d ----, 2010 WL 308975 (N.D.Ill. Jan 13, 2010) (novel class action and TCPA discovery issues decided favorably to class); *Cicilline v. Jewel Food Stores, Inc.*, 542 F.Supp.2d 831 (N.D.Ill. 2008) (FCRA class certification granted); 542 F.Supp.2d 842 (N.D.Ill. 2008) (plaintiffs' motion for judgment on pleadings granted); *Harris v. Best Buy Co.*, 07 C 2559, 2008 U.S. Dist. LEXIS 22166 (N.D.Ill. March 20, 2008) (Class certification granted); *Matthews v. United Retail, Inc.*, 248 F.R.D. 210 (N.D.Ill. 2008) (FCRA class certification granted); *Redmon v. Uncle Julio's, Inc.*, 249 F.R.D. 290 (N.D.Ill. 2008) (FCRA class certification granted); *Harris v. Circuit City Stores, Inc.*, 2008 U.S. Dist. LEXIS 12596, 2008 WL 400862 (N.D. Ill. Feb. 7,2008) (FCRA class certification granted); aff'd upon objection (Mar. 28, 2008); *Harris v. Wal-Mart Stores, Inc.*, 2007 U.S. Dist. LEXIS 76012 (N.D. Ill. Oct. 10, 2007) (motion to dismiss in putative class action denied); *Barnes v. FleetBoston Fin. Corp.*, C.A. No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072 (D.Mass. Aug. 22, 2006) (appeal bond required for potentially frivolous objection to large class action settlement, and resulting in a $12.5 million settlement for Massachusetts consumers); *Longo v. Law Offices of Gerald E. Moore & Assocs.*, P.C., 04 C 5759, 2006 U.S. Dist. LEXIS 19624 (N.D.Ill. March 30, 2006) (class certification granted); *Nichols v. Northland Groups, Inc.*, case nos. 05 C 2701, 05 C 5523, 06 C 43, 2006 U.S. Dist. LEXIS 15037 (N.D.Ill. March 31, 2006) (class certification granted for concurrent classes against same defendant for ongoing violations); *Lucas v. GC Services, L.P.*, case No. 2:03 cv 498, 226 F.R.D. 328 (N.D.Ind. 2004) (compelling discovery), 226 F.R.D. 337 (N.D.Ind. 2005) (granting class certification); *Murry v. America's Mortg. Banc, Inc.*, case nos. 03 C 5811, 03 C 6186, 2005 WL 1323364 (N.D. Ill. May 5, 2006) (Report and Recommendation granting class certification), aff'd, 2006 WL 1647531 (June 5, 2006); *Rawson v. Credigy Receivables, Inc.*, case no. 05 C 6032, 2006 U.S. Dist. LEXIS 6450 (N.D. Ill. Feb. 16, 2006) (denying motion to dismiss in class case against debt collector for suing on time-barred debts).

I graduated from Colgate University in 1997 (B.A. International Relations), and from Loyola University Chicago School of Law in 2003 (J.D.). During law school I served as an extern to the Honorable Robert W. Gettleman of the District Court for the Northern District of Illinois and as a law clerk for the Honorable Nancy Jo Arnold, Chancery Division, Circuit Court of Cook County. I also served as an extern for the United States Attorney for the Northern District of Illinois and was a research assistant to adjunct professor Honorable Michael J. Howlett, Jr.

I was the Feature Articles Editor of the Loyola Consumer Law Review and Executive Editor of the International Law Forum. My published work includes International Harvesting on the Internet: A Consumer's Perspective on 2001 Proposed Legislation Restricting the Use of Cookies and Information Sharing, 14 Loy. Consumer L. Rev. 125 (2002).

I became licensed to practice law in the State of Illinois in 2003, and am a member of the bar of the United States Court of Appeals for the Seventh and First Circuits, as well as the Northern District of Illinois, Central District of Illinois, Southern District of Illinois, Eastern District of Wisconsin, Northern District of Indiana and Southern District of Indiana. In 2009-10, I was the vice chair of the Consumer Protection section of the Chicago Bar Association, and will

be the president of that group for the 2010-2011 year. I am also a member of the Illinois State Bar Association, the Seventh Circuit Bar Association and the American Bar Association, as well as the National Association of Consumer Advocates.

      I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Chicago, Illinois
June 8, 2010

                                            Alexander H. Burke