IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | 1:10-cv-3494 |
| Plaintiff, | |
| v. | Judge Dow |
| CCH, INCORPORATED, | Magistrate Judge Ashman |
| Defendant. | |
| | JURY DEMANDED |

**DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO COUNT II OF AMENDED COMPLAINT**

NOW COMES Defendant CCH, Incorporated, and for its answer and affirmative defenses to Count II of plaintiff's Amended Complaint,[1] states as follows:

1. Plaintiff Nicholas Martin brings this action against CCH, Incorporated ("CCH") to secure redress for violation of the Illinois Electronic Mail Act, 815 ILCS 511/5 et seq. ("IEMA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

**ANSWER:** Defendant admits that Plaintiff purports to state a claim and seek relief under the IEMA and TCPA. Further answering, Plaintiff's IEMA claim is subject to a motion to dismiss that is being filed concurrently with this Answer. Further answering, Defendant denies that it violated the TCPA and denies any liability, violations, or wrongdoing under the law. Further answering, Defendant denies that Plaintiff is entitled to the relief sought in the amended complaint or any relief whatsoever from Defendant. Further answering, Defendant denies the

---

[1] Defendant has filed a motion to dismiss Count I of the Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

remaining allegations contained in this paragraph and any allegation that is contrary to the foregoing.

2. The defendant corporation has engaged in an impermissible advertising campaign for its tax products, including the sending of spam emails and so-called "robocalls" to plaintiff's cellular telephone.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

## JURISDICTION AND VENUE

3. The Court has federal question jurisdiction over the TCPA claims. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). There is supplemental jurisdiction pursuant to 28 U.S.C. § 1367, for the Illinois Electronic Mail Act claims.

**ANSWER:** Defendant admits that the Court has jurisdiction over this action.

4. Venue is proper because a substantial portion of the events complained of occurred in this District and defendant has a principal place of business here.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that the alleged telephone was made or received in this District and, therefore, neither admits nor denies the same.

## PARTIES

5. Plaintiff is an individual who resides in this District.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, neither admits nor denies the same

6. CCH, Incorporated is a Delaware corporation that is engaged in selling, among other things, tax-related products and services. Its registered agent in Illinois is CT Corporation System, Inc., 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604. Its headquarters are in Riverwoods, Illinois.

**ANSWER:** Defendant admits that it is a Delaware corporation that is engaged in selling tax-related products and services through, in this case, its subsidiary Universal Tax Services, Inc.

Defendant further admits that its registered agent in Illinois is CT Corporation Systems, Inc. and its headquarters is in Riverwoods, Illinois.

## FACTS

7. CCH sent the email attached as Exhibit A to plaintiff on December 29, 2009.

**ANSWER:** Paragraph 7 of the amended complaint is subject to a motion to dismiss that is being filed concurrently with this Answer and, therefore, no answer to Paragraph 7 is required at this time.

8. CCH sent the email attached as Exhibit B to plaintiff on January 7, 2010.

**ANSWER:** Paragraph 8 of the amended complaint is subject to a motion to dismiss that is being filed concurrently with this Answer and, therefore, no answer to Paragraph 8 is required at this time.

9. Plaintiff is not aware of any previous relationship that he might have with CCH. Upon information and belief, based upon a diligent inquiry by plaintiff, other than the improper communications directed to plaintiff by CCH, there has never been any relationship between plaintiff and CCH.

**ANSWER:** Paragraph 9 of the amended complaint is subject to a motion to dismiss that is being filed concurrently with this Answer and, therefore, no answer to Paragraph 9 is required at this time.

10. Exhibits A and B were unsolicited.

**ANSWER:** Paragraph 10 of the amended complaint is subject to a motion to dismiss that is being filed concurrently with this Answer and, therefore, no answer to Paragraph 10 is required at this time.

11. Both Exhibits A and B contain special technological devices that permit CCH to surreptitiously monitor data concerning receipt and review of its unsolicited emails.

**ANSWER:** Paragraph 11 of the amended complaint is subject to a motion to dismiss that is being filed concurrently with this Answer and, therefore, no answer to Paragraph 11 is required at this time.

12. Further, the subject heading for both <u>Exhibits A</u> and <u>B</u>, "Buy now, pay Feb. 15" and "Offer extended-Buy now, pay Feb. 15" are designed to trick the recipient into believing that the email is from a company with which the recipient does business, and opening the email. After all, unsolicited advertising emails are prohibited both by Illinois and federal law. The emails were otherwise misleading, too.

**ANSWER:** Paragraph 12 of the amended complaint is subject to a motion to dismiss that is being filed concurrently with this Answer and, therefore, no answer to Paragraph 12 is required at this time.

13. When plaintiff did not respond to the email advertisements, CCH's advertising campaign persisted.

**ANSWER:** Paragraph 13 of the amended complaint is subject to a motion to dismiss that is being filed concurrently with this Answer and, therefore, no answer to Paragraph 13 is required at this time.

14. On Monday, May 31, 2010, CCH called plaintiff on plaintiff's cellular telephone. Plaintiff answered, and there was a prerecorded advertising message that played.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, neither admits nor denies the same.

15. Plaintiff's cell phone number is on the National Do Not Call Registry.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, neither admits nor denies the same.

16. Upon information and belief, plaintiff's telephone number was dialed by a telephone system that does not need human intervention to dial. Upon information and belief, no human being dialed plaintiff's telephone number on May 31, 2010, for the call on that date.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, neither admits nor denies the same.

## COUNT I –

### Illinois Electronic Mail Act

17. Plaintiff incorporates all previous paragraphs.

**ANSWER:** Defendant incorporates all answers and denials contained in paragraphs 1–16.

18. As a result of CCH's unsolicited emails, plaintiff and the class suffered injury, which may include:

> a. lost productivity at their computers through having to distinguish and separate the unsolicited email or "spam" from legitimate personal or business email;
>
> b. lost storage space on email servers or accounts;
>
> c. invasion of privacy, based upon the use of "web bugs," cookies or other technology associated with the email, which, upon information and belief, has the purpose and effect of permitting CCH to harvest individual or aggregate data concerning receipt and response to emails;
>
> d. increased fees for internet service, as processing the Defendant's unsolicited email or "spam" increases internet service providers' expenses, which are then passed on to consumers;
>
> e. increased internet usage fees as dealing with Defendant's unsolicited email or "spam" contributed to extra unproductive time spent online, which costs money;
>
> f. increased connection charges, as plaintiff and the class had to remain online for a greater period of time than they would have, if they did not have to sort through legitimate email and Defendant's unsolicited email or "spam".

**ANSWER:** Paragraph 18 of the amended complaint is subject to a motion to dismiss that is being filed concurrently with this Answer and, therefore, no answer to Paragraph 18 is required at this time.

19. On information and belief, defendant sent similarly deceptive and misleading emails to other Illinois consumers and/or businesses.

5

**ANSWER:** Paragraph 19 of the amended complaint is subject to a motion to dismiss that is being filed concurrently with this Answer and, therefore, no answer to Paragraph 19 is required at this time.

20. Exhibits A and B are deceptive and misleading because they contain special tools defendant may use to surreptitiously gather data about where the recipient is when he opens the email, and when the email is opened. They are also deceptive and misleading because the subject lines do not state that the emails are advertisements, and the language used is misleading because it has the purpose and effect of making the recipient think the email is from someone with whom he has a preexisting relationship.

**ANSWER:** Paragraph 20 of the amended complaint is subject to a motion to dismiss that is being filed concurrently with this Answer and, therefore, no answer to Paragraph 20 is required at this time.

21. Upon information and belief, Exhibit A and Exhibit B were each sent to more than 40 email addresses where either (a) the recipient was located in Illinois, or (b) the recipient had an Illinois IP address.

**ANSWER:** Paragraph 21 of the amended complaint is subject to a motion to dismiss that is being filed concurrently with this Answer and, therefore, no answer to Paragraph 21 is required at this time.

22. On information and belief, defendant used harvesting software or some other mechanized means to discover plaintiff and the other class members' email addresses. Alternatively, defendant obtained the email addresses and phone numbers through some third party.

**ANSWER:** Paragraph 22 of the amended complaint is subject to a motion to dismiss that is being filed concurrently with this Answer and, therefore, no answer to Paragraph 22 is required at this time.

23. Plaintiff brings this Count on behalf of a class. The class is defined as:

All persons with Illinois addresses who were sent an email by or on behalf of defendant, where the email was sent at any time between and including June 8, 2007 and June 8, 2010, where the recipient and CCH did not have a prior or existing business or personal relationship at the time the email(s) were sent.

6

**ANSWER:** Paragraph 23 of the amended complaint is subject to a motion to dismiss that is being filed concurrently with this Answer and, therefore, no answer to Paragraph 23 is required at this time.

24. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff.

**ANSWER:** Paragraph 24 of the amended complaint is subject to a motion to dismiss that is being filed concurrently with this Answer and, therefore, no answer to Paragraph 24 is required at this time.

25. Such questions common to the Class include, but are not limited to whether defendant's surreptitious information gathering and subject headings were misleading or deceptive within the meaning of the Illinois Electronic Mail Act.

**ANSWER:** Paragraph 25 of the amended complaint is subject to a motion to dismiss that is being filed concurrently with this Answer and, therefore, no answer to Paragraph 25 is required at this time.

26. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

**ANSWER:** Paragraph 26 of the amended complaint is subject to a motion to dismiss that is being filed concurrently with this Answer and, therefore, no answer to Paragraph 26 is required at this time.

27. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

**ANSWER:** Paragraph 27 of the amended complaint is subject to a motion to dismiss that is being filed concurrently with this Answer and, therefore, no answer to Paragraph 27 is required at this time.

28. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

**ANSWER:** Paragraph 28 of the amended complaint is subject to a motion to dismiss that is being filed concurrently with this Answer and, therefore, no answer to Paragraph 28 is required at this time.

29. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

**ANSWER:** Paragraph 29 of the amended complaint is subject to a motion to dismiss that is being filed concurrently with this Answer and, therefore, no answer to Paragraph 29 is required at this time.

30. The identity of the class is likely readily identifiable from defendant's records.

**ANSWER:** Paragraph 30 of the amended complaint is subject to a motion to dismiss that is being filed concurrently with this Answer and, therefore, no answer to Paragraph 30 is required at this time.

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

**ANSWER:** Paragraph 31 of the amended complaint is subject to a motion to dismiss that is being filed concurrently with this Answer and, therefore, no answer to Paragraph 31 is required at this time.

## COUNT II –

## TCPA

32. Plaintiff incorporates paragraphs 1 through 16 of this complaint.

**ANSWER:** Defendant incorporates all answers and denials contained in paragraphs 1–16.

33. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice message.

**ANSWER:** Defendant denies that this paragraph accurately describes the law.

34. The violations of the TCPA were either willful or negligent.

**ANSWER:** Defendant denies the allegation of this paragraph.

35. Plaintiff and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using an automatic dialing system and/or artificial or prerecorded voice message.

**ANSWER:** Defendant denies the allegation of this paragraph.

### Class Allegations

36. Plaintiff brings Count II on behalf of a class, which consists of:

All persons with addresses in Illinois, Indiana or Wisconsin, who defendant or some person on its behalf called on their cell phone using an automatic telephone dialing system and/or prerecorded voice message, where the recipient had not provided CCH its prior express consent to receive such, where the call was made at any time between and including June 8, 2006 to June 8, 2010.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Further answering, Defendant denies the remaining allegations contained in this paragraph.

37. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

    a. Whether defendant used an automatic telephone dialing system or prerecorded or artificial voice message as those terms are defined in the TCPA and applicable FCC regulations and orders; and

   b.  Damages, including whether the violation was willful.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Further answering, Defendant denies the remaining allegations contained in this paragraph.

  38. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Further answering, Defendant denies the remaining allegations contained in this paragraph.

  39. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Further answering, Defendant denies the remaining allegations contained in this paragraph.

  40. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Further answering, Defendant denies the remaining allegations contained in this paragraph.

  41. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Further answering, Defendant denies the remaining allegations contained in this paragraph.

42. The identity of the class is likely readily identifiable from defendant's records.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Further answering, Defendant denies the remaining allegations contained in this paragraph.

43. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Further answering, Defendant denies the remaining allegations contained in this paragraph.

WHEREFORE, Defendant requires that this Court enter judgment in favor of Defendant and against Plaintiff, and that this Court award to Defendant such further and other relief as this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a cause of action under the TCPA.

2. Any violation that may have occurred in this case, or any loss, injury, damage or detriment suffered by Plaintiff, was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of third parties, and not by Defendant.

3. Plaintiff acquiesced in and/or consented to the acts and omissions alleged in the amended complaint herein.

4. Although Defendant specifically denies it has any liability with respect to Plaintiff's claims and allegations, Defendant asserts that it has not willfully violated the TCPA in the manner alleged, and violation(s) that may have occurred were unintentional.

5. Plaintiff's claims are barred by the doctrines of laches, waiver, and/or estoppel.

6. Plaintiff failed to mitigate his damages.

WHEREFORE, Defendant requests that this Court enter judgment in favor of Defendant and against Plaintiff, and that this Court award to Defendant such further and other relief as this Court deems just and appropriate.

DATED: August 2, 2010                                Respectfully submitted,

By: __/s/ David L. Hartsell_____

David L. Hartsell
Susan E. Groh
McGUIREWOODS LLP
77 W. Wacker Drive, Ste. 4100
Chicago, IL 60601
(312) 849-8100
dhartsell@mcguirewoods.com
sgroh@mcguirewoods.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2010, I electronically filed the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNT II OF AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Alexander H. Burke
> BURKE LAW OFFICES, LLC
> 155 N. Michigan Ave., Suite 9020
> Chicago, IL 60601
> ABurke@BurkeLawLLC.com

/s/ David L. Hartsell

\13625737.1