IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case 1:10-cv-3494 |
| v. | ) ) | Judge Dow |
| CCH, INCORPORATED, | ) ) | Magistrate Judge Ashman |
| Defendant. | ) ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE A SURREPLY**

Defendant CCH, Incorporated, by and through its counsel respectfully submits this Opposition to Plaintiff's Motion for Leave to File a Surreply.

**INTRODUCTION**

Plaintiff's surreply includes new allegations that are nowhere in Plaintiff's Amended Complaint. Even if these allegations were included in his Amended Complaint, Plaintiff's Illinois Electronic Mail Act ("IEMA") claim would still fail because fraud has not been shown by Plaintiff. Moreover, Plaintiff's Amended Complaint and the new issues he raises in his surreply cannot escape preemption by the CAN-SPAM Act.

**ARGUMENT**

Plaintiff's surreply includes new allegations that are not included in Plaintiff's Amended Complaint. For the first time, Plaintiff identifies allegedly embedded code for one of the images contained in an email and, for the first time, Plaintiff claims that such images direct the email recipient "automatically" to Defendant's website. (Surreply 1.) Plaintiff cannot avoid dismissal by pleading new facts in a surreply.

However, even if these allegations were included in Plaintiff's Amended Complaint, such allegations are ignorant of basic technology and the facts. If allowed by the recipient, all HTML formatted emails link to the internet to grab the image that is included in the email. A .jpeg code, such as the code identified by Plaintiff, could not embed a cookie or otherwise track a recipient of the email. At the very most, as alleged in Plaintiff's Amended Complaint, accessing such an image through an email can only reveal two pieces of information: (1) the recipient's IP address; and (2) the date/time that the recipient accessed the email. *See* Am. Compl. ¶ 20 (Such emails "gather data about where the recipient is when he opens the email, and when the email is opened.") The allegations in Plaintiff's Surreply do not change the innocuous nature of the email subject headings in issue. As explained in Defendant's Reply brief, this information is as harmless and commonplace as email read receipts and certified mail receipts. Just as Plaintiff explains, the recipient has informed control over whether he wants to provide the requested information. (*See* Surreply 2.) Therefore, because there is nothing misleading or deceptive about the subject lines of the emails, which "accurately tell the recipient that there is an advertisement inside" (Pls' Br. 17), Plaintiff's claim is preempted by the CAN-SPAM Act. 15 U.S.C. § 7707(b)(1).

Finally, this Court entered a briefing schedule for Defendant's Motion to Dismiss, which did not grant Plaintiff a surreply. Further, this Court's Local Rules do not provide for the filing of a surreply. A surreply is only allowed where the moving party raises new factual or legal issues in its reply brief, in order to ensure that the non-moving party has an adequate chance to respond to the new issues. *Cummins, Inc. v. TAS Distrib. Co.*, 676 F. Supp. 2d 701, 706 (C.D. Ill. 2009) (denying motion for leave to file surreply). Courts routinely deny motions for leave to

file a surreply because "the possibilities for continued briefing become endless." *Gold v. Wolpert*, 876 F.2d 1327, 1331 (7th Cir. 1989).

Here, no new issues were raised in Defendant's Reply Brief. Although Plaintiff claims that the failure to plead damages was first raised in Defendant's Reply Brief, it is necessarily required of his claim and included in Defendant's opening brief (*See* Def's. Br. 8). Further, as pointed out in Defendant's briefs, Plaintiff's Amended Complaint makes no allegations of either misrepresentation or fraud. (Def's. Br. 8; Reply Br. 4-5.) Plaintiff claims that it complies with the pleading requirements for fraud by attaching the allegedly offensive emails as exhibits to his Amended Complaint and citing paragraphs of its Amended Complaint that reference these exhibits. However, Plaintiff readily admits that the emails themselves are not deceptive, so attaching such emails does nothing to establish the who, what, where, and how of fraud. Rather, fraud must be pleaded with particularity and its strict pleading requirements cannot be satisfied by a fanciful reimagining of admittedly innocuous emails. The only new issues are raised in Plaintiff's Motion for Leave to File a Surreply, and, therefore, his Motion should be denied.

## CONCLUSION

For all of the reasons set forth above, Plaintiff Nicholas Martin's Motion for Leave to File a Surreply should be denied. As his Illinois Electronic Mail Act claim is preempted by federal law, Defendant's Motion to Dismiss Count I of the Amended Complaint should be granted, with prejudice.

3

DATED: October 4, 2010	Respectfully submitted,

By:    /s/  David L. Hartsell

David L. Hartsell
Susan E. Groh
McGUIREWOODS LLP
77 W. Wacker Drive, Ste. 4100
Chicago, IL 60601
(312) 849-8100
dhartsell@mcguirewoods.com
sgroh@mcguirewoods.com

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2010, I electronically filed the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Alexander H. Burke
>BURKE LAW OFFICES, LLC
>155 N. Michigan Ave., Suite 9020
>Chicago, IL 60601
>ABurke@BurkeLawLLC.com

>/s/ David L. Hartsell

#1908699.1