**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case 1:10-cv-3494 |
| v. | ) ) | Judge Dow |
| CCH, INCORPORATED, | ) ) | Magistrate Judge Ashman |
| Defendant. | ) ) | |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL**

Defendant CCH, Incorporated, ("CCH") by and through its counsel respectfully submits this Opposition to Plaintiff's Motion to Compel.

**INTRODUCTION**

CCH agrees with Plaintiff on two points: the parties engaged in several discovery conferences lasting several hours, (Pl's. Br. at 3), and through this process, defense counsel has provided detailed information about how Defendant's calling campaigns work, (Pl's. Br. at 2). Based on these conversations, Plaintiff has issued a second set of discovery that are more narrowed and focused than Plaintiff's first set of discovery. As such, Plaintiff's second set of discovery requests are duplicative of the issues set forth in Plaintiff's Motion to Compel. Further, responses to this second set of discovery are not due until December 20, 2010. Therefore, Plaintiff's Motion to Compel is premature and baseless, and it should be denied.

**BACKGROUND**

On June 8, 2010, Plaintiff sued CCH for (Count I) violation of the Illinois Electronic Mail Act, 815 ILCS § 511/10(c) ("IEMA"); and (Count II) violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) ("TCPA"). (Dkt. 1.) On August 2, 2010, CCH filed an Answer to Plaintiff's TCPA claim, (Dkt. 19), and moved to dismiss Plaintiff's IEMA claim because it is expressly preempted by the federal Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM Act"). (*See* Dkt. 20, 21.) This motion is currently pending before the Court.

Before Defendant even filed its Motion to Dismiss Count I of Plaintiff's Amended Complaint and Answer to Count II of Plaintiff's Amended Complaint, Plaintiff propounded discovery on Defendant. CCH moved to stay discovery related to Plaintiff's IEMA claim and for a thirty day extension of time for its responses to discovery related to Plaintiff's TCPA claim. (Dkt. 24.) This motion was granted by the Court. (Dkt. 26.)

After CCH served its discovery responses, the parties engaged in discovery conferences on October 19, 2010 and October 22, 2010, which lasted several hours. In these conferences, defense counsel informed plaintiff's counsel that CCH received the contact information for Plaintiff's business, 21st Century Tax Services, from the IRS. Additionally counsel for CCH provided counsel for Plaintiff detailed information about how Defendant's calling campaigns work. Specifically, defense counsel told plaintiff's counsel that no class information exists and detailed the process by which calls are made: (1) a CCH sales person requests that a script be created, which is the parameters of a search query; (2) these scripts are run against the database to create a job; (3) the job is input into the dialer, and calls are made to some but not all the phone numbers in the job. In its objections to Plaintiff's discovery and in its subsequent

2

conversations with plaintiff's counsel, defense counsel repeatedly told plaintiff's counsel that his discovery is unduly vague, unduly burdensome, overbroad, and harassing (likely because Plaintiff served discovery before Defendant even filed its Answer). Accordingly, defense counsel told plaintiff's counsel to supplement its discovery requests to be more specific. The parties exchanged correspondence regarding these conversations. (*See* Ex. A and Ex. B.)

On November 16, 2010, Plaintiff served Defendant with his second set of discovery requests, which included Requests to Admit, Requests to Produce, and Interrogatories. Responses to these requests are not due until December 20, 2010.

## ARGUMENT

**I.    Plaintiff Failed to Comply with Rule 37(1)(a) of the Federal Rules of Civil Procedure.**

As an initial matter, Plaintiff failed to provide an affidavit certifying his compliance with Rule 37(1)(a). For this reason alone, Plaintiff's motion should be denied. *See* Ashman, J. Standing Order ("Motions to compel discovery pursuant to Federal Rule of Civil Procedure 37 will be denied unless an affidavit certifying compliance with Federal Rule of Civil Procedure 37(a)(1) is attached").

**II.   Plaintiff's Motion to Compel is Premature**

On November 16, 2010, Plaintiff served Defendant his Second Set of Requests to Admit, a Second Set of Interrogatories, and a Second Set of Document Requests, which are not due until December 20, 2010. These more focused requests are a tacit admission that Plaintiff's first set of discovery are, as Defendant objected, overbroad, unduly vague, and burdensome. Defendant respectfully suggests that this motion be entered and continued until after Defendant has provided its responses to the second set of discovery on December 20, 2010.

3

### III. The Protective Order

The parties have not yet agreed on a protective order because plaintiff's counsel had insisted on two objectionable provisions: (1) the inclusion of contradictory language that both expands and restricts the scope of the protective order; and (2) the requirement that third parties submit to the jurisdiction of this Court. For the first time in his Motion to Compel, plaintiff's counsel has withdrawn his insistence that the protective order include language requiring that any non-party that produces documents "submit to the jurisdiction to this Court." The only remaining issue is whether the language "Nothing herein shall expand or restrict the scope of materials that may be designated as confidential pursuant to Fed. R. Civ. P. 26(c), and applicable case law" should be included in the protective order. Defendant objects to this language because it is unclear, vague, and unnecessary. Specifically, this language restricts the material that can be designated as confidential in a manner that is unduly vague. Additionally, because the protective order provides a procedure for challenging material that is designated confidential, this provision is unnecessary. Once the parties have agreed to the protective order and it has been entered by the Court, Defendant, as counsel has reiterated many times, will produce the insurance policies and the single data strip that relates to Plaintiff.

### IV. Plaintiff's Motion to Compel is Baseless

#### A. Information Regarding the Plaintiff

In Document Request Nos. 1 and 2, Plaintiff requests information in Defendant's possession regarding the Plaintiff. As has been previously described to plaintiff's counsel in detail, the only information Defendant has regarding the Plaintiff is a data strip that identifies his name, company name, title, address, phone number, and email address. Plaintiff maintains that this information is not confidential, and Defendant agrees that this information is in the public

4

domain. However, because Plaintiff alleges a violation of his privacy in this lawsuit, out of an excess of caution, Defendant is designating this material as Confidential under the protective order. As discussed above, once the protective order is agreed to and entered, Defendant will produce this data strip to the Plaintiff.

### B. Class Information

In Interrogatory Nos. 3 and 4 and Document Request Nos. 7, 10, 11, and 37, Plaintiff seek information about the purported class. Although Defendant objects that these requests are premature because no class has been certified, as described in detail to plaintiff's counsel, no class information exists. Defendant has agreed to supplement its discovery response to state that no class information exists and to detail the efforts made to obtain, recover, and recreate data.

### C. Insurance Policies

Pursuant to Rule 26(a)(1)(iv) of the Federal Rules of Civil Procedure, Defendant has disclosed insurance coverage that may be liable to satisfy all or part of the judgment. Specifically, Defendant identified the insurers' names, policy numbers, and policy limits. Defendant maintains that its contracts with third-party insurance companies are confidential. As counsel has discussed, once the protective order is agreed to and entered, Defendant will produce the insurance policies.

### D. Information about the Dialer

Document Request Nos. 15, 18, 19, 20, and 22 seek all documents that relate to Defendant's telephone equipment. *See* Document Request No. 15 (requesting "All documents, contracts, emails or agreements concerning use of your Predictive Dialer or Prerecorded Message"); *see* Document Request Nos. 18, 19 (requesting "All manuals, communications and other documents relating to telephony hardware, software and other telephone equipment"); *see*

Document Request No. 20 (requesting "All studies, reports, statistics or other data compilations you have access to that concern the use of your Predictive Dialer or Prerecorded Messages"); *see* Document Request No. 22 (requesting "All invoices for telephony equipment or software, including but not limited to Predictive Dialers, Prerecorded Messages, automatic dialing systems and artificial or prerecorded voice messages"). These requests are patently overbroad and unduly vague. Plaintiff tacitly acknowledges that these requests are overbroad by narrowing his requests in his second set of discovery. *See e.g.* Second Discovery Requests, Document Request No. 1 (requesting "all manuals . . . relating to your dialer").

### E. Defenses

Plaintiff's counsel seems to be confusing the cases he is prosecuting. Plaintiff moves to compel an answer to Interrogatory No. 10, which requests that Defendant "Identify and explain the basis for any claim that any violation alleged in the complaint was unintentional and/or resulted from an error notwithstanding the maintenance of procedures reasonably adapted to avoid such error . . ." However, this request relates to the bona fide error defense to a Fair Debt Collection and Practices Act claim. Here, there is no FDCPA case and this interrogatory has no relevance to any of Defendant's defenses.

Further, Plaintiff's requests relating to Defendant's defenses are facially overbroad. *See* Interrogatory No. 11 ("Identify all facts and law you contend support any defense or affirmative defense you have raised or will raise in this case, as to plaintiff and any putative class member . . ."); Document Request No. 38 ("All documents that support or refute any defense you have raised or intend to raise in this case.")

Finally, as explained above, defense counsel has informed plaintiff's counsel that it has no class information. Defense counsel also informed plaintiff's counsel that it will supplement

6

its discovery responses consistent with the representations in telephone conversations with plaintiff's counsel that one of its defenses is that Plaintiff's business phone number is not protected by the TCPA and he consented to be called by Defendant by holding his business phone number out to the world. Defendant's investigation continues.

### F. Other Complaints Filed Against Defendant

Plaintiff's Document Request Nos. 23 and 24 seek information concerning other lawsuits that have absolutely no relevance to this case. The mere fact that a lawsuit was filed against Defendant has no bearing on this case and would never be admissible. Therefore, Plaintiff's motion to compel these documents should be denied.

### G. Policies and Procedures

Plaintiff seeks to compel responses to his Document Requests Nos. 32, 25, 26, 31, 32, 35, and 39, which relate to Defendant's policies and procedures. First, Plaintiff's motion should be denied as to Document Request No. 32 (requesting "All documents concerning or relating to any effort, ever, by you to determine a process, policy or practice whereby you could send **advertising emails** and still comply with state of federal laws that govern such, **including but not limited to the CAN SPAM ACT, and the IEMA**.") (emphasis added) and denied, at least in part, as to Document Request No. 39 (requesting "A copy of all publications, white papers, seminars, updates you have published or issued since January 1, 1990 that concern compliance with . . . **email marketing laws**. . .") (emphasis added). Pursuant to the Court's August 24, 2010 Order granting Defendant's Motion to Stay Discovery related to the IEMA claim, Defendant is not required to respond to these discovery requests. (Dkt. 26.)

Further to the extent that Document Request No. 39 requests documents related to the TCPA, it is irrelevant. *See* Document Request No. 39 (requesting "A copy of all publications,

7

white papers, seminars, updates you have published or issued since January 1, 1990 that concern compliance with marketing laws, the TCPA or email marketing laws. . .") Such documents are not relevant to this case nor will they lead to the discovery of admissible evidence.

Finally, Document Request Nos. 25, 26, 31, and 35 seek policies and procedures regarding the TCPA are irrelevant and overbroad. At this point, no class has been certified, there is no class data, and the only issue is the single phone call allegedly made to Plaintiff. Such expansive, overbroad discovery is unwarranted and irrelevant.

### H. Other

*Organizational Charts* – Document Request No. 27 requests "All organizational charts of defendant showing personnel" and Document Request No. 28 requests "All organizational charts of defendant showing ownership and/or corporate structure, including all affiliates." Defendant has provided that CCH is a wholly owned subsidiary of Wolters Kluwer U.S. Corporation, and its ultimate parent corporation is Wolters Kluwer N.V., a publicly traded entity in the Netherlands. (*See* Dkt. 13.) However, responding to this request would invade the privacy of persons and entities having no connection whatsoever to this case and who had no conceivable expectation that their documents or information would be disclosed in this case. Accordingly, these requests are vague, unduly burdensome, undefined, and irrelevant. *See Maale v. Caicos Beach Club Charter, Ltd.*, No. 08-80131, 2010 U.S. Dist. LEXIS 10211, at *36-37 (S.D. Fla. Jan. 14, 2010) (denying motion to compel request for organizational charts because "plaintiff failed to show the relevance of this information."

*Documents being Withheld on the Basis of Privilege or Objection* – Somehow Plaintiff moves to compel a response to Interrogatory No. 7, which requests that Defendant identify all responsive documents that are being withheld on the basis of privilege or an objection. Yet, as

8

Defendant stated in its responses, "at this time, no documents are being withheld on the basis of any objection or privilege." That Plaintiff somehow finds fault with this response underscores the frivolity of this motion.

*Privilege Log* – Finally, at no time has plaintiff's counsel requested a privilege log. As defense counsel has indicated many times, no documents are being withheld on the basis of privilege. *See e.g.* Answer to Interrogatory No. 7 ("at this time, no documents are being withheld on the basis of any objection or privilege.") Plaintiff's contention that Defendant has waived the attorney-client privilege by failing to produce a privilege log is completely baseless.

## CONCLUSION

For all of the reasons set forth above, Plaintiff's Motion to Compel should be denied.

DATED: December 3, 2010　　　　　　　　　　Respectfully submitted,

By:  /s/ David L. Hartsell

David L. Hartsell
Susan E. Groh
McGUIREWOODS LLP
77 W. Wacker Drive, Ste. 4100
Chicago, IL 60601
(312) 849-8100
dhartsell@mcguirewoods.com
sgroh@mcguirewoods.com

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2010, I electronically filed the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Alexander H. Burke
> BURKE LAW OFFICES, LLC
> 155 N. Michigan Ave., Suite 9020
> Chicago, IL 60601
> ABurke@BurkeLawLLC.com

                                                            /s/ David L. Hartsell

#27847782.1