# EXHIBIT A

## Groh, Susan E.

| | |
|---|---|
| **From:** | Alex Burke [ABurke@BurkeLawLLC.com] |
| **Sent:** | Monday, October 25, 2010 5:27 PM |
| **To:** | Groh, Susan E.; Hartsell, David L. |
| **Subject:** | CCH Discovery |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Green |
| **Categories:** | Filed To Worksite |
| **Attachments:** | 11-13-09 FIKE v THE BUREAU (09 2558 (keys) Transcript with page numbers.pdf; ORDER Judge Guzman's order overruling objections.pdf |

Susan,

This summarizes our conversation of Tuesday and Friday, pursuant to Rule 37. Let me know if I get anything wrong. As I indicated, despite that you objected to scheduling a follow up call as "unnecessary," I will be calling to follow up on our conversation next Thursday at 2:00pm. If CCH is refusing to provide any information on any ground, please specify what it is not producing, and explain why. Supplemental interrogatory responses should thus be complete, and verified.

This email goes through the requests one-by-one, and recites our position, and the resolution of our discovery talks. Let me know if I got anything wrong:

### Class List and Phone Calls

**Int. 3.** Identify the intended recipient, all communications (attempted and completed) to and from this person, and from what sources you obtained the personal information (including email and phone number) for the following persons: All persons with addresses in Illinois, Indiana or Wisconsin, who defendant or some person on its behalf called on their cell phone using an automatic telephone dialing system and/or prerecorded voice message, where the recipient had not provided CCH its prior express consent to receive such, where the call was made at any time between and including June 8, 2006 to June 8, 2010.

**Doc. Req. 37.** Your entire file, including any documents or data that show consent or lack thereof to receive calls made with your Predictive Dialer, Prerecorded Message, automatic telephone dialing system or using artificial or prerecorded voice calls on their cellular telephone, or advertising emails, for the following sets of persons:
> B: All persons with addresses in Illinois, Indiana or Wisconsin, who defendant or some person on its behalf called on their cell phone using an automatic telephone dialing system and/or prerecorded voice message, where the recipient had not provided CCH its prior express consent to receive such, where the call was made at any time between and including June 8, 2006 to June 8, 2010.

We understand from discovery talks that CCH does not believe any list of persons it called or attempted to call (partial or complete) is possible to create. Please confirm or refute this, and provide a detailed explanation of what equipment was used to make any calls during the class period, what ESI exists or existed that may tend to assist in producing or recreating a response to this interrogatory. Please also explain in detail what efforts have been made, by whom, to obtain or recreate any data that may be responsive to these requests.

We expect to hire an expert to go through these materials. It is therefore necessary to know what ESI exists and

12/3/2010

what efforts have been made so that we can better understand how to go about finding someone who can help. For example, David, you mentioned that the dialer itself and backup tapes had been investigated. Please indicate what precisely has been done, and the results of the investigation. If there are other sources for relevant ESI that may help the parties compile a complete or partial response to this interrogatory, such as emails or memos, please identify these, too.

For example, I wonder if you have attempted to obtain recreate the data that was transferred between the dialer and the database it was querying? How do these two communicate? There is likely ESI created when queries are made by the dialer, and when the database transmits a set of telephone numbers to the dialer.

**Doc Req. 12.** All records of outgoing calls made with either an automatic dialing system or prerecorded or artificial voice since April 28, 2005.

We understand that CCH has objected to this because it does not understand what we are asking for. We want any record of any call having been made during the time period identified. The would not only include dialer records, but would also include other dialer output (such as data regarding how many calls in a campaign connected, which or how many numbers were "bad" numbers), phone records (whether or not they are itemized) emails or other communications involving sales agents or other employees who may have requested that a dialing campaign be performed.

<u>Prior Express Consent</u>

**Int. 4.** If you contend that you had prior express consent to call any person responsive to the previous interrogatory using an automatic telephone dialing system or prerecorded or artificial voice message, explain why, and identify all documents, facts and law that support or refute this contention for each person specifically. Cite to bates numbers. If you are not in custody, possession or control of any responsive materials or information, identify all such materials and their believed location and custodian.

**Int. 10.** Identify and explain the basis for any claim that any violation alleged in the complaint was unintentional and/or resulted from an error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. Identify what procedures exist, how they are maintained, how they are adapted to avoid the matters complained of and why the alleged violations happened despite the procedures. Please answer this interrogatory specifically for each putative class member.

**Int. 11.** Identify all facts and law you contend support any defense or affirmative defense you have raised or will raise in this case, as to plaintiff and any putative class member. A complete answer will at least: explain the defense, cite the facts the support the defense (including citation to bates number, or descriptions of the location and custodian for documents that are not produced), and identify each person(s) with information regarding the defense and state what information each person has.

**Doc. Req. 7.** All documents concern any person whose cell phone you called using your Predictive Dialer and/or Prerecorded Message (including all documents that relate to, show or refute any claim of prior express consent) for persons with addresses in Illinois, Indiana or Wisconsin, who you or some person on your behalf called using an automatic telephone dialing system and/or prerecorded voice message, where the recipient had not provided you his prior express consent to receive such, where the call was made at any time between and including June 8, 2006 to June 8, 2010.
A reminder: for all requests herein: If you contend that providing a complete response is impracticable or impossible, please provide the most complete response as possible, explain what components or responsive information or documents is missing, and why you contend production of those materials is impossible or impracticable.

12/3/2010

Doc. Req. 10.     For each person identified in response to interrogatories 1 and 3, please provide any and all documents, data or things that relate to the nature of your relationship with such person, including for example, the individual's consent to receive autodialed or prerecorded telephone calls on a cellular telephone, express consent to receive advertising emails, and that show a preexisting relationship between you and the called party.

Doc. Req. 8.     All documents that show your prior or existing business or personal relationship, or the absence of such, as to any person that falls within the following set:
All persons with Illinois addresses who were sent an advertising email by or on behalf of defendant, where the email was sent at any time between and including June 8, 2007 and June 8, 2010.

Doc. Req. 11.     For each putative class member as the classes are defined in the Complaint, produce all documents that demonstrate that defendant had prior express consent to call such person through use of an automatic telephone dialing system, and\or using an artificial or pre-recorded voice, or send advertising emails to such person.

Doc. Req. 35.     All documents relating to the creation or maintenance by defendant of policies, practices or procedures adapted to avoid using your Predictive Dialer or Prerecorded Messages in calling persons who did not consent, or revoked consent, to be called on their cellular telephones, without regard to date.

Doc. Req. 37.     Your entire file, including any documents or data that show consent or lack thereof to receive calls made with your Predictive Dialer, Prerecorded Message, automatic telephone dialing system or using artificial or prerecorded voice calls on their cellular telephone, or advertising emails, for the following sets of persons: B:  All persons with addresses in Illinois, Indiana or Wisconsin, who defendant or some person on its behalf called on their cell phone using an automatic telephone dialing system and/or prerecorded voice message, where the recipient had not provided CCH its prior express consent to receive such, where the call was made at any time between and including June 8, 2006 to June 8, 2010. A reminder: for all requests herein: If you contend that providing a complete response to any request is impracticable or impossible, please provide the most complete response as possible, explain what components or responsive information or documents is missing, and why you contend production of those materials is impossible or impracticable.

Doc. Req. 38.     All documents that support or refute any defense you have raised or intend to raise in this case.

We understand from discovery talks that CCH intends to argue that plaintiff consented to receive autodialed and prerecorded calls because CCH obtained his cell phone number from the IRS. Please explain this in detail in a verified interrogatory response, citing to documents that support or refute CCH's contention.

Please also produce all documents that have to do with this defense (e.g. the IRS source document or data where CCH obtained plaintiff and other persons' info), and the law upon which CCH intends to rely. Please also respond as to the class members. After all, this is CCH's affirmative defense, and we are entitled to discovery as to what CCH believes will "end the case." *Donnelly v. NCO Financial Systems, Inc.*, 263 F.R.D. 500 (N.D.Ill. Dec. 16, 2009); Judge Guzman sua sponte rejection of Fed.R.Civ.P. 72 objection (without briefing), attached. Also see, transcript of proceedings in front of Judge Keys, attached. Fed.R.Civ.P. 26(b)(1) provides: "Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or **defense** -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. [Emphasis added.]. See also, *Morris v. Swank Educ., Enters.*,

12/3/2010

case no. 04 C 50056, 2004 U.S. Dist. LEXIS 16655 (N.D. Ill. Aug. 20, 2004); *Thomas v. Bowman Heintz Boscia & Vician, P.C.*, 2008 WL 5070471 (S.D.Ind. Nov. 26, 2008); *EEOC v. Bloomin' Apple Rockford I, LLC*, case no. 04 C 50375, 2006 U.S. Dist. LEXIS 2708 (N.D. Ill. Jan. 24, 2006); *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 617 (N.D.Cal. 2006); cf. *Martinez v. Baldwin Steel Co.-Chicago Div.*, 2000 WL 1029228 (N.D.Ill. July 26, 2000) (holding that affirmative defenses were waived because they were raised at the eleventh hour of discovery period).

I am not aware of any case that has held that a party is not required to explain or produce documents regarding its affirmative defense. If you are aware of any refuting or tending to refute the authority cited here, I am interested in seeing it. Otherwise, please produce the requested materials.

Although we want these materials for everyone called, we note that none of this information has been provided as to the plaintiff, individually, either. My notes indicate that CCH has agreed to provide responses to at least document requests 10 and 11, as to plaintiff. This would be a good start.

\*\*\* Please be advised that we will seek to bar any documents, information or other materials relating to any affirmative defense that has not been timely, properly and completely disclosed. \*\*\*

<u>Autodialer/prerecorded message policies, practices and procedures</u>

**Int. 5.** Identify and explain all written and unwritten policies, practices and procedures concerning use of Predictive Dialers and Prerecorded Messages, going back to when you began considering the use of such, and ending on June 9, 2010.

**Doc. Req. 5.** All documents evincing, or relating to, any policies, practices or procedures concerning who you, or any person on your behalf, calls or called using a Predictive Dialer or Prerecorded Message.

CCH has apparently taken the position that these requests are so broad it does not know what we want to see. We disagree, but are willing to specify some items that we consider responsive to this interrogatory in order to assist CCH. My notes indicate that the parties "agreed to disagree" about interrogatory 5, but below is another attempt to obtain information.

A full response would include a description of how CCH comes to make calls using its dialer and prereocrded messages, for example. David outlined this in our discovery talk last Tuesday: a "sales agent" decides that a dialing campaign is appropriate, and figures out what criteria he wants to use with the dialer. The sales agent then takes his criteria to Brian Holbrook, the person who operates the dialer. Mr. Holbrook creates a "script" for a query to the database, and the database communicates with the dialer to tell the dialer which telephone numbers fall within the script, and the dialer makes the calls.

Also responsive to this request would be any policies, practices or procedures (if any) for complying with any "do not call" rules or regulations, and policies, practices and procedures to comply with laws and regulations that require that a company making telemarketing calls keep track of the calls made. If there is a third party that defendant uses to query what telephone numbers are on any do not call list, that company should have been revealed pursuant to this interrogatory, and pursuant to interrogatory 8.

Other subjects that may be responsive to this request are policies, practices or procedures relating to the following subjects: dialer document data destruction or retention, email data destruction and retention, statistics or reports that the dialer creates regarding, for example, the connect rate for calls or how effective the dialer has been. Please supplement the responses to these requests.

<u>Catchall:</u>

12/3/2010

**Int. 7.** Identify and state the location and the person who has possession, custody or control of any document, data or information responsive to any discovery request in this case, that is not being produced because of any objection, privilege, or because you contend that such is not within your possession, custody or control.

I crafted this interrogatory after reviewing Rules 26(b) and 33(a). Fed.R.Civ.P. 26(b)(1) states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — **including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.**

This interrogatory asks exactly what Rule 26(b)(1), entitled "Scope in General" contemplates. Similarly, Rule 33 (a)(2) provides: "(2) Scope. An interrogatory may relate to any matter that may be inquired into under Rule 26 (b)." Fed.R.Civ.P. 33(a)(2).

As indicated on the telephone, this interrogatory asks for CCH to identify all responsive materials that it knows about, but is not producing. Because we did not receive any documents at all, there should be a long list of responsive materials. For example, you have indicated that CCH has data concerning the plaintiff, but have not produced such. Although an elementary example, this would be responsive to this interrogatory. While I understand that CCH has objected to responding to the interrogatory, arguing that it is overly burdensome, we respectfully submit that the burden would be substantially lessened if CCH were to have provided full responses to our discovery requests in the first place. Please take this interrogatory seriously, and provide a complete response.

**Materials Concerning Plaintiff:**

**Doc. Req. 1.** All documents, records, data, recordings and other materials relating to plaintiff, or which are indexed, filed or retrievable under plaintiff's name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiff, the phone number 630-479-3271, or the email address n.m.martin@hotmail.com.

**Doc. Req. 2.** All documents transmitted to any third party as to any account or other designation associated with plaintiff, the phone number 630-479-3271, or the email address n.m.martin@hotmail.com. Please include the "form" for any letter, email or document which you sent but for which you do not have a precise copy.

These materials would all be discoverable in a TCPA case, regardless of whether there was a second count under the IEMA. Please supplement your responses to include any information that CCH has regarding plaintiff. You have indicated that nothing has been withheld, but we do not have anything. Please make a complete production, including materials that relate to CCH's emails to plaintiff, because these materials may bear on any prior express consent for plaintiff.

**Other Materials**

**Doc Req. 3.** A copy of the recording for any telephone call to 630-479-3271, and any for the call to any person responsive to interrogatory 3.

As I explained on the telephone, we request the recording(s) that were used on May 31, 2010, along with all other recordings used during the class period.

12/3/2010

**Doc. Req. 14.** The complete personnel record for any employee or executive responsive to any interrogatory herein.

You indicated CCH would stand on its objection for this one. As clarification, we requested this information to learn more about Mr. Holbrook and any other person who is relevant to the case.

### Dialer/Prerecorded Message Materials

**Doc. Req. 13.** All contracts and communications with any third party concerning the making of autodialed calls or prerecorded messages, or the sending of advertising emails to Illinois residents.

Again, as I explained, we are looking for materials concerning the dialer and prerecorded messages. Therefore, any contract or communication with any third party concerning these subjects would be responsive. We would imagine, for example, that Mr. Holbrook has communicated with third parties regarding the dialer, including whatever company sold CCH the dialer, about operation of the dialer or support or maintenance thereof. There is also likely a contract between CCH and some company regarding support of the dialer, and an invoice for the dialer itself.

**Doc. Req. 15.** All documents, contracts, emails or agreements concerning use of your Predictive Dialer or Prerecorded Message.

**Doc. Req. 17.** Please do a manual and computer search (irrespective of date) for all documents (including but not limited to: emails memos, communications or things) relating to TCPA compliance without regard to timeframe.

We believe that there are likely emails or memos involving sales agents (or others who work with dialing campaigns), or Mr. Hobrook, that concern use of the dialer. These materials may help us compile a class list, and may shed light on the willfulness of CCH's violations. Also, any manuals or other materials concerning the dialer itself, and its interaction with CCH's database would be responsive. There also are likely call-back materials or data, and do-not-call data, which will show persons who were called and responded to CCH, either positively or negatively.

We understand that CCH is "standing" on its relevance, burdensome and class objections as to numbers 15 and 17. Please let me know if this is not the case in light of this explanation. Please also revisit the response to number 30 in light of this explanation.

**Doc. Req. 18.** All manuals, communications and other documents relating to telephony hardware, software and other telephone equipment.

**Doc. Req. 19.** All manuals, communications and other documents relating to telephony hardware, software and other telephone equipment.

**Doc Req. 22.** All invoices for telephony equipment or software, including but not limited to Predictive Dialers, Prerecorded Messages, automatic dialing systems and artificial or prerecorded voice messages.

And, of course, we are interested in manuals, communications and other documents regarding CCH's dialer, as well as its database used along with the dialer, in document requests 18 and 19, and invoices concerning the dialer or prerecorded message in request 22. For example, there should be an invoice for the initial purchase of the dialer, and ongoing support thereof. If an actor was used to make the recording, there are documents and materials concerning that, as well. There should be scripts for any prerecorded messages used.

**Doc. Req. 20.** All studies, reports, statistics or other data compilations you have access to that concern the use of your Predictive Dialer or Prerecorded Messages.

12/3/2010

We asked for these materials because many dialers generate reports that show their effectiveness and connect-rate, and other data about their use. This kind of data will assist in determining how many persons were called and if enough were called to justify treating this case as a class action.

### Willfulness Materials

We have asked for materials that bear on whether CCH's violations were willful. The following requests are aimed specifically at learning what knowledge of the TCPA's prohibitions CCH had. Our position is that 47 USC 312(f) applies, and that willfulness does not depend upon knowledge of the law. However, we anticipate that CCH will argue that some other standard applies for willfulness, and therefore we must seek materials about its knowledge that it was violating the TCPA.

Doc. Req. 23. A copy of the complaint for any lawsuit against you for violation of the TCPA or any law that governs the sending of advertising emails.

Doc. Req. 24. A copy of any written complaint and your response (formal or informal) you or your attorneys have ever received that complains about violations of the TCPA or laws that govern the sending of advertising emails, including but not limited to calls using your Predictive Dialer and Prerecorded Messages, without regard to date.

Doc. Req. 25. All documents from any source that concern the legality or propriety of making telephone calls to debtors using your Predictive Dialer, Prerecorded Message, an autodialer or a prerecorded or artificial voice.

Doc. Req. 26. All documents (irrespective of date) that discuss defendant's compliance or lack of compliance with the Telephone Consumer Protection Act.

Susan, you agreed to talk to your client about producing materials responsive to numbers 23 and 24. Please supplement accordingly. You decided to stand on the objections to 25 and 26. Also responsive to this request would be any regulatory materials regarding CCH's dialer or prerecorded messages.

Doc. Req. 31. All documents concerning or relating to any effort, ever, by you to determine a process, policy or practice whereby you could use your Predictive Dialer or Prerecorded Message, and still comply with the TCPA.

Doc. Req. 32. All documents concerning or relating to any effort, ever, by you to determine a process, policy or practice whereby you could send advertising emails and still comply with state of federal laws that govern such, including but not limited to the CAN SPAM ACT, and the IEMA.

Doc. Req. 35. All documents relating to the creation or maintenance by defendant of policies, practices or procedures adapted to avoid using your Predictive Dialer or Prerecorded Messages in calling persons who did not consent, or revoked consent, to be called on their cellular telephones, without regard to date.

Doc. Req. 39. A copy of all publications, white papers, seminars, updates you have published or issued since January 1, 1990 that concern compliance with marketing laws, the TCPA or email marketing laws. For example, the publication that is mentioned in the press release on CCH.com, "CCH Offers Comprehensive, New Privacy Law Resource: CCH Privacy Law in Marketing" would be responsive, as would the 2000 version of this, or related documents, and all updates thereto.

In attempting to cooperate and receive some response, we are willing to narrow request 31 to 5 years. We understand that CCH intends to "stand" on its objections and refusal to provide any response to any other of these requests.

### Insurance Policies

33. All insurance policies that could possibly afford any coverage with respect to the matters complained of in this case together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

12/3/2010

We understand that CCH claims that all contracts with third parties, including its insurance carriers, are trade secrets, and that plaintiff is therefore not entitled to see the insurance policies. CCH has indicated that it "stands" upon that objection, which seems contrary to Fed.R.Civ.P. 26(a)(1). Please reconsider your position and produce the entire insurance policies and other documentation that are relevant to this case.

### Organizational Charts

We issued the following document requests in order to learn about the defendant's structure, and personnel organization. For example, a personnel chart will likely show Mr. Holbrook, and then tell us who is his boss, and who he supervises. You have decided to stand on your objections to these requests as irrelevant, burdensome and inappropriate until a class is certified.

**Doc. Req. 27.**     **All organizational charts of defendant showing personnel.**
**Doc. Req. 28.**     **All organizational charts of defendant showing ownership and/or corporate structure, including all affiliates.**

I understand that CCH is standing on its vagueness, breadth, burdensome and "undefined" objections for number 27, and that it will get back to me as to number 28.

I will call Susan on Thursday, October 28, 2010, at 2:00 to check on the status of CCH's supplemental responses, if any, to these requests. If you require further explanation or still do not understand what we are looking for, please itemize such at that time.

Alex Burke


BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

The information transmitted through this communication is intended only for the addressee and may contain confidential and/or privileged material. Any unauthorized interception, review, retransmission, dissemination, or other use of, or taking of any action upon this information by persons or entities other than the intended recipient is prohibited and may subject the unauthorized person or entity to criminal or civil liability. If you received this communication in error, please contact us immediately at (312) 729-5288, and delete the communication from any computer or network system. This message is not intended to create an attorney-client relationship. Unless you have entered into a written, signed document entitled "Authorization" with Burke Law Offices, LLC, the firm does not represent you.

12/3/2010