# EXHIBIT B

## Groh, Susan E.

| | |
|---|---|
| **From:** | Groh, Susan E. |
| **Sent:** | Wednesday, November 24, 2010 1:54 PM |
| **To:** | Alex Burke |
| **Cc:** | Hartsell, David L. |
| **Subject:** | Martin/CCH |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Green |
| **Categories:** | Filed To Worksite |

Alex,

This email responds to your email from Monday October 25, 2010. With regard to your motion to compel, let me know if this narrows the issues in your motion before we file a response. Also, upon initial review of your second set of discovery, it seems that your second set of discovery requests have been clarified and narrowed in response to our conversations about your first set of discovery requests. As such, your second set of discovery requests seem to be duplicative of the issues you set forth in your motion to compel; therefore, your motion to compel appears to be premature. Please advise.

Regards,
Susan


### Documents Regarding Plaintiff (Document Request No. 1, Document Request No. 2):

As we have previously described to you in detail, the only information Defendant has regarding the Plaintiff is a data strip that identifies his name, address, company name, title, phone number, and email address. We understand that you maintain that this information is not confidential, and we agree that this information is in the public domain. However, because Plaintiff's alleges a violation of his privacy in this lawsuit, out of an excess of caution, we are designating this material as Confidential under the protective order. As we have discussed, once we have your agreement on the protective order and once it is entered, we will produce this data strip on the Plaintiff.

### Insurance Policies (Plaintiff's Document Request No. 33):

We disagree with your characterization of our position. Pursuant to Rule 26(a)(1)(iv) of the Federal Rules of Civil Procedure, Defendant has disclosed insurance coverage that may be liable to satisfy all or part of the judgment. Specifically, Defendant identified the insurers names, policy numbers, and policy limits. Defendant maintains that its contracts with third-party insurance companies are Confidential. As we have discussed, once we have your agreement on the protective order and once it is entered, we will produce the insurance policies.

### Supplemental Responses:

We will supplement our discovery responses consistent with our conversations on Tuesday October 19, 2010 and Friday October 22, 2010 about Defendant's efforts to obtain, recover, and recreate data. We disagree with your characterization of these conversation in your October 25, 2010 email. As I explained on the phone, our main contact at CCH had been out of town. We are working to supplement our discovery responses to detail the efforts that have been made to obtain, recover, and recreate data and to address your specific questions about whether Defendant's phone bills are itemized by number and whether there is data "transferred between the dialer and the database it was querying."

**Interrogatory No. 3** requests that Defendant "Identify the intended recipient, all communications (attempted and completed) to and from this person, and from what sources you obtained the personal information (including email

12/3/2010

and phone number) for the following persons: All persons with addresses in Illinois, Indiana, or Wisconsin, who defendant or some person in its behalf called on their cell phone using an automatic telephone dialing system and/or prerecorded voice message, where the recipient had not provided CCH its prior express consent to receive such, where the calls was made at any time between and including June 8, 2006 to June 8, 2010."

Defendant stands on its objections that this request is vague, unduly burdensome, undefined, and irrelevant. Defendant further objects that this interrogatory is premature because no class has been certified. Notwithstanding these objections, Defendant, however, will supplement its response to state that no class information exists and to detail the efforts made to obtain, recover, and recreate data.

**Interrogatory No. 4** requests "if you contend that you had prior express consent to call any person responsive to the previous interrogatory using an automatic telephone dialing system or prerecorded or artificial voice message, explain why, and identify all documents, facts and law that support or refute this contention for each person specifically."

Defendant stands on its objections that this request is vague, unduly burdensome, undefined, and irrelevant. Defendant further objects that this interrogatory is premature because no class has been certified. Notwithstanding these objections, Defendant, however, will supplement its response consistent with its response to Interrogatory No. 3

**Document Request No. 7** requests "All documents concern any person whose cell phone you called using your Predictive Dialer and/or Prerecorded Message (including all documents that relate to, show or refute any claim of prior express consent) for persons with addresses in Illinois, Indiana or Wisconsin, who you or some person on your behalf called using an automatic telephone dialing system and/or prerecorded voice message, where the recipient had not provided you his prior express consent to receive such, where the call was made at any time between and including June 8, 2006 to June 8, 2010."

Defendant stands on its objections that this request is vague, unduly burdensome, undefined, and irrelevant. Defendant further objects that this interrogatory is premature because no class has been certified. Notwithstanding these objections, Defendant, however, will supplement its response to state that no class information exists and to detail the efforts made to obtain, recover, and recreate data.

**Document Request No. 10** requests "For each person identified in response to interrogatories 1 and 3, please provide any and all documents, data or things that relate to the nature of your relationship with such person, including for example, the individual's consent to receive autodialed or prerecorded telephone calls on a cellular telephone, express consent to receive advertising emails, and that show a preexisting relationship between you and the called party."

Defendant stands on its objections that this request is vague, unduly burdensome, undefined, and irrelevant. Defendant further objects that this interrogatory is premature because no class has been certified. Notwithstanding these objections, Defendant, however, will supplement its response to state that no class information exists and to detail the efforts made to obtain, recover, and recreate data.

**Document Request No. 11** requests "For each putative class member as the classes are defined in the Complaint, produce all documents that demonstrate that defendant had prior express consent to call such person through use of an automatic telephone dialing system, and\or using an artificial or prerecorded voice, or send advertising emails to such person."

Defendant stands on its objections that this request is vague, unduly burdensome, undefined, and irrelevant. Defendant further objects that this interrogatory is premature because no class has been certified. Notwithstanding these objections, Defendant, however, will supplement its response to state that no class information exists and to detail the efforts made to obtain, recover, and recreate data.

**Document Request No. 37** requests "Your entire file, including any documents or data that show consent or lack thereof to receive calls made with your Predictive Dialer, Prerecorded Message, automatic telephone dialing system or using artificial or prerecorded voice calls on their cellular telephone, or advertising emails, for the following sets of persons: B: All persons with addresses in Illinois, Indiana or Wisconsin, who defendant or some person on its behalf called on their cell phone using an automatic telephone dialing system and/or prerecorded voice message, where the recipient had not provided CCH its prior express consent to receive such, where the call was made at any time between and including June 8, 2006 to June 8, 2010."

12/3/2010

Defendant stands on its objections that this request is vague, unduly burdensome, undefined, and irrelevant. Defendant further objects that this interrogatory is premature because no class has been certified. Notwithstanding these objections, Defendant, however, will supplement its response to state that no class information exists and to detail the efforts made to obtain, recover, and recreate data.

### Defenses:

**Interrogatory No. 10** requests that Defendant "Identify and explain the basis for any claim that any violation alleged in the complaint was unintentional and/or resulted from an error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. Identify what procedures exist, how they are maintained, how they are adapted to avoid the matters complained of and why the alleged violations happened despite the procedures. Please answer this interrogatory specifically for each putative class member."

Defendant stands on its objections. This is not an FDCPA case and this interrogatory has no relevance to any of Defendant's defenses.

**Interrogatory No. 11** requests that Defendant "Identify all facts and law you contend support any defense or affirmative defense you have raised or will raise in this case, as to plaintiff and any putative class member. A complete answer will at least: explain the defense, cite the facts the support the defense (including citation to bates number, or descriptions of the location and custodian for documents that are not produced), and identify each person(s) with information regarding the defense and state what information each person has."

Defendant stands on its objections that this Interrogatory is broad, burdensome, compound, vague, and seeks privileged information. Defendant further objects that this interrogatory is premature because no class has been certified. Notwithstanding these objections, Defendant, however, will supplement its response consistent with the representations in telephone conversations with Plaintiff's counsel that Plaintiff's business phone number is not protected by the TCPA and he consented to be called by Defendant by holding his business phone number out to the world.

**Document Request No. 38** requests "All documents that support or refute any defense you have raised or intend to raise in this case."

Defendant stands on its objections that this request is vague, broad, burdensome, and seeks privileged information.

### Documents Related to the Dialer:

**Document Request No. 15** requests "All documents, contracts, emails or agreements concerning use of your Predictive Dialer or Prerecorded Message."

Defendant stands on its objections that this request is unduly vague, overly broad, burdensome, undefined, and irrelevant. Notwithstanding its objections, Defendant will produce a copy of the dialer manual.

**Document Request No. 18** requests "All manuals, communications and other documents relating to telephony hardware, software and other telephone equipment."

Defendant stands on its objections that this request is unduly vague, overly broad, burdensome, undefined, and irrelevant. Notwithstanding its objections, Defendant will produce a copy of the dialer manual.

**Document Request No. 19** requests "All manuals, communications and other documents relating to telephony hardware, software and other telephone equipment."

Defendant stands on its objections that this request is unduly vague, overly broad, burdensome, undefined, and irrelevant. Notwithstanding its objections, Defendant will produce a copy of the dialer manual.

**Document Request No. 20** requests "All studies, reports, statistics or other data compilations you have access to that concern the use of your Predictive Dialer or Prerecorded Messages."

Defendant stands on its objections that this request is unduly vague, overly broad, burdensome, undefined, and

12/3/2010

irrelevant. Notwithstanding its objections, Defendant will produce a copy of the dialer manual.

**Document Request No. 22** requests "All invoices for telephony equipment or software, including but not limited to Predictive Dialers, Prerecorded Messages, automatic dialing systems and artificial or prerecorded voice messages."

Defendant stands on its objections that this request is unduly vague, overly broad, burdensome, undefined, and irrelevant. Notwithstanding its objections, Defendant will produce a copy of the dialer manual.

### Recording:

**Document Request No. 3** requests "A copy of the recording for any telephone call to 630-479-3271, and any for the call to any person responsive to interrogatory 3."

Defendant stands on its objections that this request is vague, overly broad, burdensome and undefined. Defendant further objects that this interrogatory is premature because no class has been certified. Notwithstanding these objections, Defendant will supplement its response as to the Plaintiff by stating that no recording for any telephone call to 630-479-3271 exists.

### Other:

**Interrogatory No. 5** requests that Defendant "Identify and explain all written and unwritten policies, practices and procedures concerning use of Predictive Dialers and Prerecorded Messages, going back to when you began considering the use of such, and ending on June 9, 2010."

Defendant stands on its objections that this request is vague, unduly burdensome, undefined, and irrelevant. Defendant further objects that this interrogatory is premature because no class has been certified.

**Document Request No. 5** requests "All documents evincing, or relating to, any policies, practices or procedures concerning who you, or any person on your behalf, calls or called using a Predictive Dialer or Prerecorded Message."

Defendant stands on its objections that this request is vague, unduly burdensome, undefined, and irrelevant.

**Interrogatory No. 7** requests that Defendant "Identify and state the location and the person who has possession, custody or control of any document, data or information responsive to any discovery request in this case, that is not being produced because of any objection, privilege, or because you contend that such is not within your possession, custody or control."

Defendant is not withholding any documents on the basis of objection, privilege, or because it contends that such information is not within its possession, custody, or control.

**Document Request No. 14** requests "The complete personnel record for any employee or executive responsive to any interrogatory herein."

Defendant stands on its objections that this request is unduly vague, overly broad, burdensome, undefined, immaterial, harassing, and irrelevant.

**Document Request No. 17** requests "Please do a manual and computer search (irrespective of date) for all documents (including but not limited to: emails memos, communications or things) relating to TCPA compliance without regard to timeframe."

Defendant stands on its objections that this request is vague, unduly burdensome, undefined, and irrelevant.

**Document Request No. 35** requests "All documents relating to the creation or maintenance by defendant of policies, practices or procedures adapted to avoid using your Predictive Dialer or Prerecorded Messages in calling persons who did not consent, or revoked consent, to be called on their cellular telephones, without regard to date."

12/3/2010

Defendant stands on its objections that this request is vague, unduly burdensome, undefined, and irrelevant. Defendant further objects that this interrogatory is premature because no class has been certified.

**Document Request No. 23 requests** "A copy of the complaint for any lawsuit against you for violation of the TCPA or any law that governs the sending of advertising emails."

Pursuant to the Court's August 24, 2010 Order granting Defendant's Motion to Stay Discovery, Defendant does not answer this Request to the extent it relates to Plaintiff's Illinois Electronic Mail Act Claim. To the extent this Request relates to Plaintiff's TCPA claim, Defendant stands on its objections that this request is vague, broad, burdensome, undefined, and irrelevant.

**Document Request No. 24 requests** "A copy of any written complaint and your response (formal or informal) you or your attorneys have ever received that complains about violations of the TCPA or laws that govern the sending of advertising emails, including but not limited to calls using your Predictive Dialer and Prerecorded Messages, without regard to date."

Pursuant to the Court's August 24, 2010 Order granting Defendant's Motion to Stay Discovery, Defendant does not answer this Request to the extent it relates to Plaintiff's Illinois Electronic Mail Act Claim. To the extent this Request relates to Plaintiff's TCPA claim, Defendant stands on its objections that this request is vague, broad, burdensome, undefined, and irrelevant.

**Document Request No. 25 requests** "All documents from any source that concern the legality or propriety of making telephone calls to debtors using your Predictive Dialer, Prerecorded Message, an autodialer or a prerecorded or artificial voice."

Defendant stands on its objections that this request is vague, unduly burdensome, undefined, and irrelevant.

**Document Request No. 26 requests** "All documents (irrespective of date) that discuss defendant's compliance or lack of compliance with the Telephone Consumer Protection Act."

Defendant stands on its objections that this request is vague, unduly burdensome, undefined, and irrelevant.

**Document Request No. 27** requests "All organizational charts of defendant showing personnel."

Defendant stands on its objections that this request is vague, unduly burdensome, undefined, and irrelevant.

**Document Request No. 28** requests "All organizational charts of defendant showing ownership and/or corporate structure, including all affiliates."

Defendant stands on its objections that this request is vague, unduly burdensome, undefined, and irrelevant. Notwithstanding these objections, Defendant states that CCH is a wholly owned subsidiary of Wolters Kluwer U.S. Corporation, and its ultimate parent corporation is Wolters Kluwer N.V., a publicly traded entity in the Netherlands. (See Dkt. 13.)

**Document Request No. 31** requests "All documents concerning or relating to any effort, ever, by you to determine a process, policy or practice whereby you could use your Predictive Dialer or Prerecorded Message, and still comply with the TCPA."

Defendant stands on its objections that this request is vague, unduly burdensome, undefined, and irrelevant.

**Document Request No. 32** requests "All documents concerning or relating to any effort, ever, by you to determine a process, policy or practice whereby you could send advertising emails and still comply with state of federal laws that govern such, including but not limited to the CAN SPAM ACT, and the IEMA."

Pursuant to the Court's August 24, 2010 Order granting Defendant's Motion to Stay Discovery, Defendant does not answer this Request as it relates to Plaintiff's Illinois Electronic Mail Act Claim.

**Document Request No. 35** requests "All documents relating to the creation or maintenance by defendant of policies, practices or procedures adapted to avoid using your Predictive Dialer or Prerecorded Messages in calling persons who did not consent, or revoked consent, to be called on their cellular telephones, without regard

12/3/2010

to date.

Defendant stands on its objections that this request is vague, unduly burdensome, undefined, and irrelevant. Defendant further objects that this Request is premature in that no class has been certified.

**Document Request No. 39** requests "A copy of all publications, white papers, seminars, updates you have published or issued since January 1, 1990 that concern compliance with marketing laws, the TCPA or email marketing laws. For example, the publication that is mentioned in the press release on CCH.com, "CCH Offers Comprehensive, New Privacy Law Resource: CCH Privacy Law in Marketing" would be responsive, as would the 2000 version of this, or related documents, and all updates thereto.

Pursuant to the Court's August 24, 2010 Order granting Defendant's Motion to Stay Discovery, Defendant does not answer this Request to the extent it relates to Plaintiff's Illinois Electronic Mail Act Claim. To the extent this Request relates to Plaintiff's TCPA claim, Defendant specifically objects to this Request on the bases that it is unduly vague, overly broad, burdensome, irrelevant, immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 13** requests "All contracts and communications with any third party concerning the making of autodialed calls or prerecorded messages, or the sending of advertising emails to Illinois residents."

Defendant stands on its objections that this request is vague, unduly burdensome, undefined, and irrelevant. Upon your clarification in your October 25, 2010 email, Defendant states that its investigation continues.

**Document Request No. 12** requests "All records of outgoing calls made with either an automatic dialing system or prerecorded or artificial voice since April 28, 2005."

Defendant stands on its objections that this request is unduly vague, overly broad, burdensome, undefined, and irrelevant. Notwithstanding these objections, Defendant, however, will supplement its response to state that no class information exists and to detail the efforts made to obtain, recover, and recreate data.

12/3/2010