# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case 1:10-cv-3494 |
| v. ) ) | Judge Dow |
| CCH, INCORPORATED, ) ) | Magistrate Judge Ashman |
| Defendant. ) | |

**PROTECTIVE ORDER**

IT IS HEREBY ORDERED THAT:

1. This Protective Order shall govern the production, use and handling of confidential documents and information produced by any party in any form in the above-captioned litigation (collectively "Material"). Any party or nonparty may designate as "Confidential" any documents, information or other things that contain proprietary business information not previously made available to the public, with the exception of documents heretofore produced in discovery by either party, which any party or nonparty contends should be protected from disclosure pursuant to this Order ("Protective Order"). Such documents, information and other things are referred to herein as "Confidential Information." Nothing herein shall expand or restrict the scope of materials that may be designated as confidential subject to the challenge provision in Paragraph 4.

2. Any party, or non party producing or filing a document or thing in this proceeding may designate it at the time of its production as subject to this Protective Order shall designate Material as Confidential Information by typing or stamping on each page so designated (without obscuring or defacing the Material) "Confidential," "Confidential Subject to Protective Order" or

words of similar import ("Basic Confidential Information"). The Parties agree to exercise good faith in evaluating whether materials should receive any Confidential Material designation pursuant to this Protective Order.

    a.    Should any Party, counsel for any Party, or any person or entity not a party to this action who obtains access to any Confidential Material make copies or duplicates of any Confidential Material, or any portion thereof, and if the Confidential Material designation is not clearly reproduced on the copies or duplicates as a result of the copying process, then the appropriate designation, Basic Confidential Material, as the case may be, shall in that event also be stamped or affixed to such copies or duplicates, and the references in this Protective Order to Confidential Material shall be deemed to include and to apply to such copies or duplicates.

    b.    Should any Party, counsel for any Party, or any person or entity not a party to this action who obtains access to Confidential Material make extracts or summaries of such Confidential Material, such extracts or summaries shall also be stamped with the appropriate designation. Such extracts or summaries shall also constitute Confidential Material even if the extracts or summaries are not marked with a Confidential designation, and the references in this Protective Order to Confidential Material shall apply to such extracts or summaries. This provision shall not include the notes of counsel.

    c.    This Protective Order shall apply to all Confidential Material so designated whether produced informally or in response to formal discovery requests, subpoenas or at deposition.

3. All Confidential Material subject to this Protective Order shall be used by the persons to whom it is disclosed solely for the prosecution and/or defence of the above-captioned action, captioned *Martin v. CCH, Incorporated*, Court Case No. 10-3494, (hereinafter, "litigation"); it shall not be used by such persons for any other purpose not directly related to the litigation of this matter, and at no time shall any Confidential Material be provided to any representative of the electronic, digital or print media, excluding those persons designated as experts and consultants pursuant to paragraphs 6(d). The Confidential Material shall not be used by any persons to whom disclosures are made, other than by the party that produced it, for business or competitive purposes or in any other litigation.

4. If, at any time, a Party disagrees with or challenges the grounds or basis for the designation of any document or information as Basic Confidential Material, that Party shall nevertheless treat and protect such Material in accordance with this Protective Order until and unless all Parties shall have agreed in writing, or an order of the Court shall have been entered which provides that such challenged Confidential Material may be used or disclosed in a manner different from that specified in this Protective Order. In the event of such a disagreement, the Party challenging the designation will have the burden of pursuing any relief desired. After a party has designated a document as confidential, the parties shall meet and confer regarding any challenged designation, and the producing party shall timely provide to the challenging party all basis for any challenged designation, upon written request.

5. Nothing in this Protective Order shall preclude any party from seeking and obtaining, upon a showing of good cause, additional protection with respect to the confidentiality of documents or other information, including, but not limited to, additional restrictions on disclosure to the parties herein.

6. Basic Confidential Material and its contents may only be disclosed to the following persons and subject to the following conditions:

a. Counsel of record for the parties to this litigation, now or in the future, their respective associates, partners, law clerks, paralegals, legal assistants, secretaries, and other support staff who are actively engaged in assisting such attorneys in the prosecution or defense of this litigation; provided, however, that the employees of such counsel to whom such access is permitted shall, prior to such access or disclosure, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

b. The Parties, officers and current employees, including in-house counsel, of the Parties (or parent or affiliated company of a Party) whose knowledge of such information is necessary to enable the Parties to prepare for trial, to try this proceeding, to engage in appellate proceedings herein, or whose duties reasonably require access to Confidential Material for legal, financial, or insurance reporting obligations;

c. Insurers, reinsurers, and auditors of a Party;

d. Independent experts and consultants retained in this litigation by a Party or the attorneys for a Party, provided, however, that the experts or consultants to whom such access is permitted shall, prior to such access or disclosure, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

e. Deposition reporters and their support personnel for purposes of preparing deposition transcripts;

    f.    Any witness in a deposition in this litigation, where Confidential Material is relevant to the subject matter of which the deponent would be likely to have knowledge, provided, however, that any such witness, shall, prior to any disclosure, prior to such access or disclosure, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

    g.    The author(s), sender(s), addressee(s) and copy recipient(s) of the Basic Confidential Material;

    h.    The person(s) mentioned in any document or tangible material designated as Basic Confidential Information, provided, however, that only that portion of the Basic Confidential Information which directly pertains to such person(s) shall be disclosed to them;

    i.    The judge, jury, clerk, other personnel in the department to which this action is or may be assigned, other court personnel, and persons present in the courtroom during the trial of this matter;

    j.    Any discovery referee or settlement conference officer assigned to this matter;

    k.    Percipient witnesses called to testify at trial, but only for purposes of such trial testimony.

7.    Unless the Court orders otherwise, Confidential Material may be filed or lodged with the Court in this action, or offered as evidence at trial in this action, for any purpose without placing the Confidential Material under seal, unless the Court grants an order sealing that Confidential Material.

      a.      Counsel for any Party that intends to file or lodge with the Court any Confidential Material, or to offer any such Confidential Material as evidence at trial, shall notify counsel for all other Parties and (as applicable) any non-party witness that produced the Confidential Material of such intended use sufficiently early to permit them to file and obtain a ruling on a motion prior to such use.

      b.      Alternatively, a party that wishes to file such materials under seal may file a motion to do so.

      8.      If any Basic Confidential Material or its contents is presented at, or is the subject of inquiry during, a deposition, counsel for the party whose Confidential Material is to be disclosed or inquired into shall notify the deposition reporter to separately transcribe the portion of the deposition testimony during which Confidential Material is discussed or referred to. That portion of the deposition which may reveal Confidential Material or its contents shall be conducted (unless otherwise agreed to by counsel for all Parties in writing or upon the record of the deposition) under circumstances such that only the deposition reporter and persons duly authorized hereunder to have access to such Confidential Material, as the case may be, shall be present. The transcript of such portion of the deposition itself shall be deemed, as appropriate, Basic Confidential Material, and such portion of the deposition transcript shall be separately transcribed and stamped with the appropriate legal legend as specified in Paragraph 2, above. This Protective Order does not preclude presenting the original of the transcript in its entirety to the deponent for review, correction and signing, nor does it preclude delivery by the reporter of copies of deposition transcripts containing or annexing Confidential Material, in their entirety and marked with the legend or legends provided above, to outside counsel for the Parties to this

Protective Order, which transcripts shall then be maintained by such outside counsel in accordance with the provisions of this Protective Order.

9. Before disclosing Confidential Material to any persons (other than pursuant to paragraphs 6(a), (b), (f), (g) and (h) hereof) authorized to receive it under paragraphs 6 of this Protective Order, counsel shall provide a copy of this Protective Order to such persons, shall advise them that they are governed by its provisions and shall instruct them not to use the Confidential Material in any manner contrary to the terms of this Protective Order. Counsel shall cause each such person(s) to execute a copy of the "Consent to be Bound," the form of which is attached hereto as Exhibit "A," prior to providing such person any confidential material.

10. This Protective Order shall be without prejudice to the rights of the parties to apply to the Court for additional, different or removal of protection if they deem it necessary to do so. The terms of this Protective Order shall not affect the right of any person to seek and secure greater protection for particularly sensitive information or to seek whatever further relief is available under the Federal Rules of Civil Procedure and Federal Rules of Evidence, or other law.

11. This Protective Order shall continue in full force and effect with respect to all Confidential Material, whether or not offered into evidence at trial, until another order modifies, supersedes or terminates it, and shall be enforceable as any other order of the Court. At the conclusion of this litigation (including appeal), all such Confidential Material shall be returned to the Party who produced it and no party, expert, consultant or any other person or entity to whom such Confidential Material was produced shall retain any copies or any such Confidential Material, except that counsel for each Party may maintain one copy of all documents containing Confidential Material for the purpose of maintaining complete and accurate files of the action.

Notwithstanding the foregoing, a Party shall not be required to destroy copies of any Confidential Material preserved or recorded within any computerized storage device or component (including hard drive or database) or saved automatically to standard back-up or archival systems in each case in compliance with normal document retention policies, provided that the receiving Party and its representatives will not access, view, or use any such Confidential Material , except as may be required by law or a court rule or process. No party to this litigation shall not be in violation of this paragraph until the designating counsel has made a written demand for the return or destruction of materials, and the receiving has refused.

12. This Protective Order is without prejudice to the right of any party to object to the discovery, production and/or admissibility of any information, document or evidence on grounds other than confidentiality or to bring before the Court at any time the question of whether any particular information is or is not relevant to any issues in, or to the subject matter of, this litigation, and such right is hereby expressly reserved. The designation of such information as Confidential Material pursuant to this Protective Order shall not be construed as an admission of the relevance of such Confidential Material in the litigation.

13. Nothing contained herein shall prevent any party from using or disclosing its own Confidential Material without having to comply with the terms of this Protective Order.

14. The Court shall retain jurisdiction to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem necessary or appropriate.

15. This Protective Order shall remain in force and effect until another order, if any, modifies, supersedes or terminates it, and shall be enforceable as any other order of the Court.

16.     Notwithstanding whether this Protective Order becomes an order of the Court, or is modified by the Court, the Parties are bound by the terms of the Protective Order until such time as it is superseded by Order of the Court.

December 17, 2010

## **[PROPOSED] ORDER**

Defendant's motion for protective order is hereby granted. IT IS SO ORDERED.

Dated: _____, 2010

_____
THE HONORABLE ROBERT M. DOW JR.

United States District Court Judge

## **EXHIBIT "A"**

## **FORM OF CONSENT TO BE BOUND**

I, _____, declare as follows:

1. I have been provided with a copy of the Protective Order Re: Confidentiality of Documents and Information issued in this action, and have read and understand its terms.

2. I hereby consent to be bound by the terms of the Protective Order. I further consent to the jurisdiction of the United States District Court, Northern District of Illinois for the purposes of any proceeding to enforce the terms of the Protective Order or to punish the breach thereof.

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed on _____, 20_ at _____.
                  (date)                                 (city and state)