IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case 1:10-cv-3494 |
| v. | ) ) | Judge Dow |
| CCH, INCORPORATED, | ) ) | Magistrate Judge Ashman |
| Defendant. | ) ) | |

## MOTION TO COMPEL 21st CENTURY TAX SERVICES, INC.

Defendant CCH, Inc. ("CCH"), by and through its counsel, respectfully requests that this Court compel third party respondent 21st Century Tax Services, Inc. ("21st Century Tax") to respond to the subpoena CCH issued in this case. In support of this Motion, CCH states as follows:

1. Because the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") does not apply to calls made with the prior consent of the called party, a key question in this case is whether Plaintiff consented to receive phone calls from CCH.

2. As Plaintiff has conceded, Plaintiff used the phone number allegedly called by CCH as the business phone number for his company, 21st Century Tax. Accordingly, 21st Century Tax's distribution and advertisement of the subject phone number is highly relevant to CCH's defense.

3. CCH issued discovery to Plaintiff on this topic nearly three months ago, on January 14, 2011. In response, Plaintiff objected to the vast majority of CCH's discovery requests on the grounds that such requests should have been directed to Plaintiff's company, 21st Century Tax.

4. Although issuing a separate subpoena to 21st Century Tax should not have been necessary given that Plaintiff has the documents CCH is seeking in its possession, custody, and control, *see* Dkt. 54, CCH did so because Plaintiff's counsel – who also represents 21st Century Tax – led CCH to believe that 21st Century Tax would respond to CCH's requests if CCH issued a subpoena.

5. 21st Century Tax, however, has now objected the subpoena issued by CCH and refuses to produce responsive documents. Moreover, 21st Century Tax is seeking a protective order preventing CCH from taking third party discovery relevant to its claims. These actions are improper. This Court should deny 21st Century Tax's motion for a protective order and should compel 21st Century Tax to respond to CCH's subpoena.

6. <u>Reasonable Time to Comply</u> – It is disingenuous for 21st Century Tax to argue that it has not been given sufficient time to comply with CCH's subpoena. Both Plaintiff and 21st Century Tax are represented by the same counsel, and CCH issued discovery to Plaintiff, who is the sole officer and director of 21st Century Tax, nearly three months ago. Accordingly, this argument does not provide a basis for 21st Century Tax to refuse to comply with CCH's subpoena.

7. <u>Privileged or Other Protected Matter</u> – As discussed in CCH's Motion to Compel Martin, Dkt. 54, 26 U.S.C. § 7216 does not prevent 21st Century Tax from producing tax returns in redacted form such that any protected information is hidden, and CCH has agreed to accept copies of the tax returns in that form. Accordingly, CCH's subpoena does not require the disclosure of privileged or protected matter.

8. <u>Undue Burden</u> – 21st Century Tax asserts that it should not have to produce the requested documents because it is willing to stipulate that it uses the subject phone number as its

2

business phone number. This stipulation, however, does not eliminate the need for CCH to take discovery regarding Martin's and/or 21st Century Tax's use of the subject phone number. As made clear by the case *CE Design Limited v. King Architectural Metals, Inc.*, No. 10-8050 (7th Cir. Mar. 18, 2010) ("*CE Design*"), consent under the TCPA is a case-by-case determination that can depend on how the phone number in question is advertised and distributed to customers, to third parties, and to the world at large.

9. In that case, the Seventh Circuit found that defendant had a consent defense under the TCPA because the plaintiff in that case had advertised his phone number in a directory called the "Blue Book," and because the plaintiff had advertised his phone number online. *Id.* Similarly, here, CCH's consent defense depends on the manner and frequency with which Plaintiff and 21st Century Tax distributed the subject phone number to third parties and to the world. The stipulation proposed by Plaintiff does not obviate the need for CCH to take discovery on this issue. Accordingly, 21st Century Tax should be compelled to produce the requested documents.

10. <u>Motion for Protective Order</u> – 21st Century Tax's motion to prevent CCH from taking third party discovery is premature. Until Plaintiff and 21st Century Tax comply with their discovery obligations, CCH does not know the scope of its anticipated third party discovery. Accordingly, this Court should deny 21st Century Tax's motion for protective order.

WHEREFORE, CCH respectfully requests that this Court compel 21st Century Tax to respond to CCH's subpoena and to award any further relief the Court deems just and proper.

DATED: April 14, 2011                  Respectfully submitted,

By: /s/ Sarah A. Zielinski

David L. Hartsell
Susan E. Groh

                    Sarah A. Zielinski
                    McGUIREWOODS LLP
77 W. Wacker Drive, Ste. 4100
Chicago, IL 60601
(312) 849-8100
dhartsell@mcguirewoods.com
sgroh@mcguirewoods.com
szielinski@mcguirewoods.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2011, I electronically filed the foregoing **MOTION TO COMPEL 21st CENTURY TAX SERVICES, INC.** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Alexander H. Burke
> BURKE LAW OFFICES, LLC
> 155 N. Michigan Ave., Suite 9020
> Chicago, IL 60601
> ABurke@BurkeLawLLC.com

                                                 /s/ Sarah A. Zielinski