**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case 1:10-cv-3494 |
| v. | ) ) | Judge Dow |
| CCH INCORPORATED, | ) ) | Magistrate Judge Ashman |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO PRODUCE**
**A COPY OF HIS AUTHORIZED E-FILE PROVIDER APPLICATION**

NOW COMES Defendant CCH Incorporated ("CCH"), by and through its counsel, and brings this Motion to Compel Plaintiff to Produce a Copy of his Authorized E-File Provider Application, and in support thereof, states as follows:

1.      Plaintiff alleges that CCH violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by calling Plaintiff's cell phone using an automatic telephone dialing system or prerecorded or artificial voice message.  (Am. Compl. ¶ 33.)  Importantly, while Plaintiff claims that he uses his cell phone for personal purposes, he also uses it as the main (indeed, sole) telephone number for his tax preparation business, 21st Century Tax Services, Inc. ("21st Century Tax").

2.      Because the TCPA does not apply to calls made with the prior consent of the called party, 47 U.S.C. § 227(b)(1)(A), a key question in this case is whether Plaintiff consented to receive such calls on his business/cell phone.  Pursuant to *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 725 (7th Cir. 2011), the issue of consent is also relevant to the question of whether class certification is proper.

3. Relevant to the issue of consent is whether a plaintiff voluntarily included his name in an online directory, the purpose of which is to enable potential customers and other members of the directory to contact the plaintiff. *See CE Design*, 637 F.3d at 725 (noting that CE Design had signed a form that both authorized the publication of its fax number in the Blue Book – an online directory similar to the Yellow Pages, but aimed at firms in the construction industry – and authorized other subscribers to the Blue Book to communicate with it).

4. Similar to *CE Design*, Plaintiff's company's name and business/cell phone number appear in an online directory at irs.gov known as the Authorized IRS e-file Provider Locator Service for Tax Professionals ("Locator Service"), the purpose of which is to enable potential customers and other authorized e-file providers to contact him. *See* <u>Exhibit A</u> (Plaintiff's entry in the Locator Service database) and <u>Exhibit B</u> (explaining the purpose of the Locator Service database).

5. Plaintiff testified at his deposition that at the time he applied to become an authorized e-file provider, he was not aware that his contact information would be included in a publicly available database located at irs.gov:

> Mr. Hartsell: And did you understand [at the time you applied] that the IRS would maintain a list of authorized e-file providers?
>
> Plaintiff: At that time, no, at least not open to the public.

Pl. Dep. 106:2-5.

6. Contrary to Plaintiff's sworn deposition testimony, CCH has learned through communications with the IRS that Plaintiff's name and business/cell phone number would *only* have been included in the Locator Service database if Plaintiff affirmatively clicked a box on his application consenting to be included in that database. *See* <u>Exhibit C</u> (showing sample of application where Plaintiff would have consented to be included in the database).

2

7.     Thus, to establish that Plaintiff affirmatively requested to be included in the Locator Service database, CCH requested Plaintiff to produce a copy of the application he submitted to the IRS to become an authorized e-file provider.  *See* <u>Exhibit D</u> (October 10, 2011 email where counsel for CCH requested Plaintiff to produce this documentation).

8.     Although Plaintiff's authorized e-file provider application is within the scope of the materials this Court has twice compelled Plaintiff to produce, Plaintiff has refused to produce a copy of the application on the grounds that Plaintiff does not have a copy of the application in his possession.  Plaintiff has also refused to request a copy of the application from the IRS.

9.     Pursuant to Rule 34 of the Federal Rules of Civil Procedure, a party is obligated to produce all requested documents in his or her "possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).   Under federal law, "[c]ontrol means the legal right to obtain documents upon demand."  *Central States v. Neurobehavioral Assocs., P.A.*, No. 93 C 6169, 1997 U.S. Dist. LEXIS 19188, at *9 (N.D. Ill. Nov. 25, 1997).

10.     Accordingly, even if Plaintiff does not have a copy of his authorized e-file provider application in his possession, that documentation is within his control because he can obtain a copy of the application simply by requesting one from the IRS.

11.     In contrast, CCH has requested a copy of the application from the IRS, and the IRS has refused to provide it.  The IRS has indicated that it will provide Plaintiff with a copy of his e-file application if he requests one directly.

WHEREFORE, CCH respectfully requests that the Court grant CCH's motion to compel and direct Plaintiff to request a copy of his application to become an authorized e-file provider, and award any further relief this Court deems just and proper.

Dated: October 28, 2011                    Respectfully submitted,

                                           CCH, Incorporated

                                           */s/ Sarah A. Zielinski*
                                           David L. Hartsell
                                           Susan E. Groh
                                           Sarah A. Zielinski
                                           McGuireWoods LLP
                                           77 West Wacker Dr., Suite 4100
                                           Chicago, IL 60601-7567
                                           Tel: (312) 849-8100
                                           dhartsell@mcguirewoods.com
                                           sgroh@mcguirewoods.com
                                           szielinski@mcguirewoods.com

## CERTIFICATE OF SERVICE

I, Sarah A. Zielinski, hereby certify that on this 28th day of October, 2011, I filed the foregoing document and exhibits electronically through the Court's ECF system. Notice of this filing will be sent to all registered users through the ECF system.

                                           */s/ Sarah A. Zielinski*