**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) | |
| Plaintiff, | ) | Case 1:10-cv-3494 |
| v. | ) | Judge Dow |
| CCH INCORPORATED, | ) | Magistrate Judge Ashman |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RULE TO SHOW CAUSE AND FOR SANCTIONS**

NOW COMES Defendant CCH Incorporated ("CCH"), by and through its counsel, McGuireWoods LLP, and for its Response in Opposition to Plaintiff's Motion for Rule to Show Cause and for Sanctions ("Motion") states as follows:

Plaintiff's Motion makes no sense: it accuses CCH of destroying documents that CCH has not only preserved, but has produced to Plaintiff in this litigation.

Specifically, Plaintiff accuses CCH of failing to preserve three categories of documents: (1) documents showing the calls made by CCH's dialer; (2) CCH's prospective customer database; and (3) additional unidentified documents falling into the vague and undefined category of documents "concerning" CCH's dialer. As Plaintiff's own Motion concedes, CCH has already produced the phone records showing the calls made by CCH's dialer, as well as a copy of its prospective customer database. (Motion at 3-4.) Although Plaintiff contends that CCH has produced only a "handful" of additional documents (Motion at 12), CCH has in fact produced a significant number of documents and data "concerning" its dialer, including dialer manuals, dialer training materials, contracts with third parties for dialer maintenance, the pre-

recorded voice messages used for certain of its dialer campaigns, the "scripts" or SQL searches that CCH used to query its prospective customers database for dialing campaigns, reports from the prospective customer database that result from running the scripts against the prospective customer database, lists of potential customers CCH received from the Internal Revenue service (some of whom were the target of CCH's dialing campaigns), and emails reflecting correspondence between CCH's dialer technician, sales managers, and salespeople. CCH has also engaged in Rule 37 conferences with Plaintiff regarding its willingness to produce a 55.8 gigabyte "Audit Log" which tracks the changes that have been made to CCH's prospective customer database. In total, CCH has made available for inspection 46 boxes of paper phone records, has produced 1.5 gigabytes of data and 45,000 pages of bates numbered documents, and stands ready to produce an additional 55.8 gigabytes of data. Furthermore, at Plaintiff's request, CCH's outside counsel has independently confirmed that CCH has no other documents responsive to its discovery requests.

Notwithstanding CCH's expansive document production for what is a relatively straightforward case under the Telephone Consumer Protection Act ("TCPA"), Plaintiff insists that CCH should have preserved and produced more. Plaintiff, however, has not identified precisely what documents CCH has failed to preserve and how those unidentified documents would advance Plaintiff's claims. Because Plaintiff has not established any basis for its spoliation motion, or for the extreme sanctions Plaintiff is asking this Court to impose, it appears that Plaintiff's Motion was brought for the sole purpose of harassing CCH. Accordingly, CCH respectfully requests that the Court deny Plaintiff's Motion in every respect and award CCH its attorney fees for having to defend this groundless Motion.

## LEGAL STANDARD

Courts in the Northern District of Illinois have recognized a two-pronged approach for determining whether sanctions for spoliation are appropriate. The first prong consists of a four-part test, where the court must find: (1) that there was a duty to preserve the specific documents or evidence, (2) that the duty was breached, (3) that the other party was harmed by the breach, and (4) that the breach was caused by the breaching party's willfulness, bad faith, or fault. *Bryden v. Boys & Girls Club of Rockford*, No. 09 C 50290, 2011 U.S. Dist. LEXIS 23381, at *3 (N.D. Ill. Mar. 8, 2011). If the Court finds that this test is satisfied and that sanctions are appropriate, the second prong requires courts to consider whether sanctions requested are "proportionate to the circumstances surrounding the failure to comply with discovery." *Bryden*, 2011 U.S. Dist. LEXIS 23381, at *4.

## LEGAL ANALYSIS

Although Plaintiff contends that CCH has failed to preserve certain categories of documents, CCH has not only preserved those documents, but has produced them to Plaintiff. Accordingly, Plaintiff has not established a basis to award sanctions for spoliation.

### I. CCH Has Preserved and Produced Records Of Its Dialer Calls.

Sanctions for spoliation are not appropriate because CCH has not breached a duty to preserve records of its dialer calls. Indeed, as Plaintiff concedes, CCH has produced records of its dialer calls to Plaintiff in the form of its phone records. (Motion at 3-4.)

Although CCH has already produced records of its dialer calls, Plaintiff contends that the dialer itself could have been another source of dialer records. As an initial matter, sanctions for spoliation are not appropriate when the data that is supposedly missing is duplicative of what has already been produced. *See Bryden*, 2011 U.S. Dist. LEXIS 23381, at *13 (denying motion for

spoliation sanctions where "the only specific materials Plaintiff claims are missing are those that would be duplicative of what has been produced").

Moreover, CCH has already explained to Plaintiff on numerous occasions – two of them under oath – that, by the time CCH received service of Plaintiff's lawsuit on June 16, 2010, *see* Dkt. 8, there was no data on the dialer relevant to Plaintiff's proposed class period, which Plaintiff defined as June 8, 2006 to June 8, 2010. *See* Supplemental Resp. to Int. 3, attached to Motion as Exhibit E; Dep. B. Holbrook at 88:14 – 89:7, attached to Motion as Exhibit L. That is because CCH's dialer was only capable of keeping records for thirty days or until the dialer was "refreshed," a process CCH did on a daily basis to make sure that it was using the most up to date customer information for its calling campaigns.[1] Thus, CCH has no additional data concerning the calls made by CCH's dialer. Indeed, CCH's phone records – which cover nearly the entirety of the class period – are far more comprehensive than any data that could have been pulled from CCH's dialer. Because CCH has preserved and produced these dialer records, there is no basis for Plaintiff's spoliation motion.

## II. CCH Has Preserved and Produced Its Prospective Customer Database.

Sanctions are also not appropriate because CCH has not breached a duty to preserve its prospective customer database. In fact, as Plaintiff acknowledges, CCH produced a copy of its prospective customer database to Plaintiff in March 2011. (Motion at 3-4.)

Nevertheless, Plaintiff contends that CCH should have produced a copy of the database as it existed on June 16, 2010, the day CCH was served with the lawsuit. Plaintiff's purported

[1] Although Plaintiff points to a document produced by CCH in an attempt to establish that CCH did indeed maintain back-ups of the dialer, that same document shows that CCH's back-up tapes were overwritten every three days. *See* Motion Exhibit F at p. 9 (noting that there are three dialer back-up tapes and that: "Tape one gets written to on day one then tape two and finally tape three. These get rotated every workday."). Accordingly, any back-up tapes in existence on June 16, 2010 would not have had any data from June 8, 2010 or prior.

harm is that "[h]ad the database been properly preserved and produced timely, recreating a list of persons CCH called using its dialer would be much easier." (Motion at 2.)

As discussed in detail above, Plaintiff already has a list of the calls made by CCH's dialer in the form of CCH's phone records, and sanctions for spoliation are not appropriate where the allegedly missing data is duplicative of what has already been produced. *See Bryden*, 2011 U.S. Dist. LEXIS 23381, at *13. Because the database is not necessary to "recreat[e] a list of persons CCH called using its dialer," Plaintiff's purported "harm" is nonexistent.

Furthermore, CCH has either produced or preserved all information relevant to this case contained in its prospective customer database. For example, the prospective customer database could be used to: (1) match the phone numbers called by CCH's dialer to a customer name and address, (2) determine whether and on what date that individual or company became a customer of CCH, which is relevant to CCH's consent defense, and (3) determine the source of the customer record, which is also relevant to CCH's consent defense. All of this data exists either in CCH's prospective customer database, or in the Audit Log, a file that tracks any changes made to certain fields in CCH's prospective customer database. Accordingly, contrary to Plaintiff's assertions, all relevant data from the prospective customer database has been preserved. Thus, the sanctions Plaintiff proposes are improper.

## III. CCH Has Preserved and Produced Documents "Concerning" Its Dialer.

Despite the significant number of documents CCH has produced falling into the vague and undefined category of documents "concerning" its dialer, Plaintiff contends that additional relevant documents "probably" were deleted. (Motion at 11.) Plaintiff further contends that he may have been harmed by CCH's potential destruction of documents because those documents "*may* bear on whether CCH knew its calls violated the TCPA." (Motion at 13) (emphasis

added).[2] Thus, by Plaintiff's own admissions, it is pure speculation that CCH has failed to preserve relevant documents and that Plaintiff has suffered harm as a result.

Because sanctions are appropriate only where a party breaches a duty to preserve documents, the destruction of which harms the opposing party, courts consistently deny motions for sanctions which are based on speculation that relevant documents existed, but were destroyed. *See Bryden*, 2011 U.S. Dist. LEXIS 23381, at *13 (denying motion for spoliation sanctions where plaintiff's contention that defendant should have preserved additional electronic data was speculative); *Mintel Int'l Group, Ltd. v. Neerghen*, 08 CV 3939, 2009 U.S. Dist. LEXIS 131224, at *10-11 (N.D. Ill. Jan. 22, 2009) ("speculat[ion] that evidence might have been destroyed" is not sufficient to prove the destruction of relevant evidence); *see also Chavez v. Blue Sky Natural Bev. Co.*, 2011 U.S. Dist. LEXIS 117787, at *10-11 (N.D. Cal. Oct. 11, 2011) (denying motion for sanctions and declaring, "[a]lthough Plaintiff speculates as to what documents may have been destroyed or not produced, there is no evidence of spoliation at this juncture."); *In re Delta/Airtran Baggage Fee Antitrust Litig.*, 770 F. Supp. 2d 1299, 1309 (N.D. Ga. 2011) (denying motion for spoliation sanctions because "[t]he problem with Plaintiffs' argument is that it rests upon speculation that important documents … existed but were destroyed."); *Tri-County Motors, Inc. v. Am. Suzuki Motor Corp.*, 494 F. Supp. 2d 161, 177 (E.D.N.Y. 2007) (denying motion for sanctions where there was not "a scintilla of evidence that the alleged missing e-mails ever existed in the first place," nor was there "evidence that any of the allegedly lost e-mails would have been relevant to this litigation").

Because Plaintiff only speculates that relevant documents existed, but were not preserved, Plaintiff has not established that sanctions for spoliation are appropriate.

---

[2] Plaintiff also asserts that CCH's failure to preserve documents have prevented Plaintiff from creating a class list. (Motion at 13.) As CCH has explained, CCH has produced its phone records, which show a list of its dialer calls.

## CONCLUSION

Plaintiff's motion for spoliation sanctions is not well founded. It complains that CCH has failed to preserve three categories of documents that CCH has not only preserved, but has produced to Plaintiff. Although Plaintiff contends that CCH must have failed to preserve relevant documents beyond the significant number of documents already produced, Plaintiff has not identified a single relevant document that CCH has failed to preserve and produce. Indeed, it appears that Plaintiff's Motion was brought for the sole purpose of harassing CCH, and for that reason, the Court should not only deny Plaintiff's Motion in every respect, but should award CCH the costs associated with responding to this baseless Motion.

Dated: October 31, 2011

Respectfully submitted,

CCH Incorporated

*/s/ Sarah A. Zielinski*
David L. Hartsell
Susan E. Groh
Sarah A. Zielinski
McGuireWoods LLP
77 West Wacker Dr., Suite 4100
Chicago, IL 60601-7567
Tel: (312) 849-8100
dhartsell@mcguirewoods.com
sgroh@mcguirewoods.com
szielinski@mcguirewoods.com

## CERTIFICATE OF SERVICE

I, Sarah A. Zielinski, hereby certify that on this 31st day of October, 2011, I filed the foregoing document and exhibits electronically through the Court's ECF system. Notice of this filing will be sent to all registered users through the ECF system.

*/s/ Sarah A. Zielinski*