UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case 1:10-cv-3494 |
| v. | ) ) | Judge Dow |
| CCH INCORPORATED, | ) ) | Magistrate Judge Ashman |
| Defendant. | ) ) | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS RULE 72(A) OBJECTION**

NOW COMES Defendant CCH Incorporated ("CCH"), by and through its counsel, and submits this Reply Brief in Support of its Rule 72(a) Objection.

The information sought by CCH is pivotal to determining CCH's liability and whether class certification is appropriate for Plaintiff's claim under the Telephone Consumer Protection Act ("TCPA"). First, relevant to CCH's consent defense, CCH seeks to learn all of the ways in which Plaintiff advertised or distributed the phone number in question as the phone number for 21st Century Tax Services, Inc. ("21st Century Tax"), by taking third party discovery of its customers. Second, relevant to the question of whether Plaintiff's phone is a business phone or a personal phone under the TCPA, CCH seeks the portion of 21st Century Tax's tax returns showing whether Plaintiff deducted his cell phone as a business expense. Without these two key pieces of information, this Court cannot properly apply the law set forth in *CE Design Limited v. King Architectural Metals, Inc.*, 637 F.3d 721 (7th Cir. 2011), regarding consent and class certification in TCPA cases, nor can it address the business/personal cell phone question at issue in *Cellco Partnership v. Dealers Warranty, LLC*, No. 09-1814 (FLW), 2010 U.S. Dist. LEXIS

106719 (D.N.J. Oct. 4, 2010). Accordingly, Magistrate Judge Ashman erred when he declined to compel Plaintiff to produce this necessary information.

**I.      CCH Did Not Waive Its Ability to Object to Magistrate Judge Ashman's September 26, 2011 Order.**

As an initial matter, Plaintiff contends that CCH waived its right to object to Magistrate Judge Ashman's September 26, 2011 order because CCH did not object to a separate order issued by Magistrate Judge Ashman on April 20, 2011. This argument is contrary to the plain language of Rule 72(a) of the Federal Rules of Civil Procedure, which permits a party to "serve and file objections" to *any* order by a magistrate judge "within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). Rule 72(a) further provides that the district court judge "must consider" all "timely objections." *Id.* CCH filed a timely objection to Magistrate Judge Ashman's September 26, 2011 order, and, as such, CCH has not waived its right to object.

Tellingly, Plaintiff cites no case law in support of the proposition that CCH waived its right to object, and the only case law CCH could locate on point flatly rejects the argument Plaintiff advances here. *See Securities & Exchange Comm'n v. McNaul*, No. 08-1159-JTM, 2011 U.S. Dist. LEXIS 62932, at *9-10 (D. Kan. June 14, 2011). In *McNaul*, the plaintiff similarly argued that the defendants' objection to the magistrate judge's order was "essentially an untimely objection" to a previous order entered several months earlier on the same issue. 2011 U.S. Dist. LEXIS 62932, at *9. The Court held, however, that the defendants had not waived their right to object:

> [Rule 72(a)] does not contemplate waiver by failure to object to a previous order discussing the same issue. The Order denying defendants' motion to quash did directly relate to the issues resolved in this Order. However, the Magistrate's current Order is a discrete order separate from its previous Order…. Thus, defendants may object to this Order within the parameters of Rule 72(a). Because they have done so, they have not waived their right to seek review of the Magistrate's Order.

*Id.* at *9-10. As in *McNaul*, Magistrate Judge Ashman's September 26, 2011 order is distinct from his April 20, 2011 order. Because Rule 72(a) enables parties to object to *any* order issued by a magistrate judge, and because CCH timely objected to Magistrate Judge Ashman's September 26, 2011 Order, CCH has not waived its right to object.

II.     **The Court Should Overrule Magistrate Judge Ashman's September 26, 2011 Order Because it was Erroneous as a Matter of Law.**

Magistrate Judge Ashman's September 26, 2011 Order declined to compel Plaintiff to produce two categories of information that are not only relevant to this case, but are essential to determining CCH's liability and whether class certification is appropriate. Accordingly, this Court should reverse the September 26, 2011 Order and compel Plaintiff to provide the following categories of information.

A.     **The Customer List for 21st Century Tax Services.**

Pursuant to *CE Design*, the manner in which Plaintiff advertised to his customers is relevant to CCH's consent defense and to its opposition to class certification. *See CE Design*, 637 F.3d at 725-26. Although Plaintiff urges the Court to ignore *CE Design*, it is controlling law in this case because it addresses what factors are relevant to assessing consent and class certification in TCPA cases. *Id.* Indeed, in *CE Design*, the court went so far as to vacate class certification because the district court had not properly considered and weighed all of the factors relevant to the defendant's consent defense. *Id.* at 727-28. Accordingly, when ruling on Plaintiff's motion for class certification in this case, this Court will also need to consider and weigh the same factors deemed relevant by the Seventh Circuit in *CE Design*.

In *CE Design*, the court declared that the question of consent must be decided on a case-by-case basis, and that courts should take into consideration all of the ways in which the phone

3

number in question is distributed, such as through business cards, advertisements, directory listings, trade journals, or by membership in an association. *Id.* at 726. For example, in *CE Design*, it was relevant that the plaintiff had posted its fax number on a website next to the phrase "Contact Us." *Id.* at 725. It was also relevant that the plaintiff had signed a form authorizing the publication of its fax number in the Blue Book – a directory similar to the Yellow Pages, but aimed at firms in the construction industry. *Id.* Finally, plaintiff's credibility was relevant to the question of consent: although plaintiff testified at his deposition that he had not authorized publication of the fax number in the Blue Book, the court deemed this testimony not credible and considered plaintiff's false testimony evidence that plaintiff "fear[ed] that the publication of CE's fax number could indeed be construed as permission to fax ads to that number." *Id.* In this case, if CCH is not able to obtain facts regarding the manner in which Plaintiff distributed the phone number in question, this Court will be prevented from considering those facts when ruling on class certification and summary judgment.

Indeed, CCH has not been able to get the information it is seeking through discovery. While Plaintiff maintains that he does no advertising other than distributing his business card and that he has no written communications with his customers, his testimony on these issues has not been credible. First, Plaintiff has not been forthcoming with this information in discovery, forcing CCH to file numerous motions to compel. *See* Dkt. 54, 64, 79, 97. Second, even after Plaintiff has been compelled to provide responsive information, CCH keeps learning additional facts that Plaintiff has not disclosed. Finally, similar to the credibility issues in *CE Design*, CCH has recently learned information from the IRS that directly contradicts Plaintiff's deposition testimony on the issue of whether he consented to have his cell phone number included in an online directory sponsored by the IRS. *See* Dkt. 97. Due to Plaintiff's credibility issues, the

4

only way for CCH to find out if Plaintiff distributes his phone number in other ways not disclosed is to conduct third party discovery of the customers of 21st Century Tax.

Although the customers of 21st Century Tax have information relevant to this case that CCH cannot obtain from any other source, Magistrate Judge Ashman concluded that CCH should not be entitled to know their identities because, if CCH were to interview or depose them, it might "ruin" Plaintiff's business. *See* Second Mot. to Compel Tr. 11:16 – 12:1. This is not a proper basis to deny CCH relevant discovery, however, because it wholly speculative that these customers would cease doing business with Plaintiff. *See* Dkt. 87 at 8-9 and case law cited therein. Indeed, Plaintiff has not presented any evidence that he will lose customers. Moreover, the questions CCH wants to ask these individuals are not harassing; they are simple and non-intrusive: (1) how did the customer find out about Plaintiff's business?; and (2) in what ways has Plaintiff advertised or distributed the business phone number for 21st Century Tax? There is absolutely no basis to assume that asking these simple questions would have any impact on Plaintiff's business, let alone "ruin" it.

Accordingly, Magistrate Judge Ashman erred as a matter of law when he declined to compel Plaintiff to provide CCH the identities of individuals with information highly relevant to establishing CCH's liability and class certification under the TCPA.[1]

### B. The Tax Returns for 21st Century Tax.

At least one court has questioned, without deciding, whether §227(b)(1)(A)(iii) – the statutory provision at issue here – is "limited strictly to cellular telephone service accounts held by individual subscribers" or whether "it encompass[es] business subscribers as well." *Cellco*, 2010 U.S. Dist. LEXIS 106719, at *38. In this case, Plaintiff uses and holds out the cell phone

---

[1] Although Plaintiff claims in his response brief that CCH is seeking the tax returns of Plaintiff's clients, *see* Dkt. 101 at 6, CCH is merely seeking a customer list.

5

number in question as the sole business phone number for his company, 21st Century Tax, while at the same time claiming to also use the number for personal purposes  Currently, there is no case law addressing how to categorize a cell phone that is used for both business and personal purposes, but one relevant factor might be whether Plaintiff deducts all or a portion of his cell phone bill as a business expense for his company, 21st Century Tax.[2]  Accordingly, CCH has requested copies of the tax returns of 21st Century Tax for the limited purpose of answering this question.  Neither Plaintiff nor Magistrate Judge Ashman has identified any harm to Plaintiff if Plaintiff is compelled to produce the tax returns for this limited purpose.  Accordingly, Magistrate Judge Ashman erred by declining to compel Plaintiff to produce this information.

## Conclusion

Wherefore, for the reasons set forth above and in Defendant's opening memorandum, the Court should overrule Magistrate Judge Ashman's September 26, 2011 Order with respect to compelling Plaintiff to produce his customer information and the tax returns for 21st Century Tax.

Dated: November 8, 2011                                   Respectfully submitted,

                                                          CCH Incorporated

                                                          */s/ Sarah A. Zielinski*
                                                          David L. Hartsell
                                                          Susan E. Groh
                                                          Sarah A. Zielinski
                                                          McGUIREWOODS LLP
                                                          77 West Wacker Dr., Suite 4100
                                                          Chicago, IL 60601-7567
                                                          (312) 849-8100
                                                          dhartsell@mcguirewoods.com
                                                          sgroh@mcguirewoods.com
                                                          szielinski@mcguirewoods.com

---

[2] Another relevant factor would be that Plaintiff's cell phone bill was mailed to a P.O. Box that Plaintiff testified he uses for his business, 21st Century Tax.

## CERTIFICATE OF SERVICE

    I, Sarah A. Zielinski, hereby certify that on this 8th day of November, 2011, I filed the foregoing document and exhibits electronically through the Court's ECF system. Notice of this filing will be sent to all registered users through the ECF system.

                                            */s/ Sarah A. Zielinski*