**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case 1:10-cv-3494 |
| v. | ) ) | Judge Dow |
| CCH INCORPORATED, | ) ) | Magistrate Judge Ashman |
| Defendant. | ) | |

**DEFENDANT'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RULE TO SHOW CAUSE AND FOR SANCTIONS**

NOW COMES Defendant CCH Incorporated ("CCH"), by and through its counsel, and submits this Sur-Reply in Opposition to Plaintiff's Motion for Rule to Show Cause and for Sanctions.

Plaintiff's Motion for Rule to Show Cause and for Sanctions ("Motion") accused CCH of failing to preserve three categories of documents relevant to Plaintiff's Telephone Consumer Protection Act ("TCPA") claim: (1) records of the phone calls made by CCH's dialer; (2) CCH's prospective customer database; and (3) other documents falling into the vague and undefined category of documents "relating to" CCH's dialer. As CCH demonstrated in its Response Brief, however, CCH has not only preserved these categories of documents, but has produced them to Plaintiff in the course of this litigation. Thus, at the November 2, 2011 hearing addressing the Motion, the Court justifiably told Plaintiff that his Motion did not make sense, and ordered Plaintiff to file a reply brief which *specifically* identified what evidence CCH failed to preserve that Plaintiff has not been able to obtain from another source, and how Plaintiff has been harmed by the absence of such evidence. *See* Nov. 2, 2011 Hearing Tr. at 2:17-19, 3:2-5. Although

Plaintiff's Reply Brief purports to identify specific categories of evidence that CCH failed to preserve, Plaintiff continues to speculate that such evidence existed at the time CCH received notice of Plaintiff's lawsuit, or that Plaintiff is in any way harmed by its absence. Once again, Plaintiff's Reply Brief offers nothing to support his allegations of spoliation other than his own speculation. Accordingly, Plaintiff's Motion should be denied in its entirety, and the Court should order Plaintiff to pay CCH's attorney fees for having to defend this groundless Motion.

## LEGAL ANALYSIS

Although not mentioned in Plaintiff's spoliation Motion, Plaintiff's Reply Brief in support of that Motion purports to identify three additional categories of documents that CCH has allegedly failed to preserve: (1) records of phone calls that did not connect; (2) dialer reports; and (3) CCH's communications with Continuant. While Plaintiff once again contends that CCH has failed to preserve unidentified "emails and other documents relating to the dialer" which "*may* be relevant" to the case, Reply Br. at 4 (emphasis added), CCH established in its Response Brief that a court cannot award spoliation sanctions based purely on the speculation of the moving party that relevant documents existed, but were destroyed. CCH Resp. Br. at 6. Accordingly, CCH will only address those categories of documents specifically identified in Plaintiff's Reply Brief.

### A.  Records of Phone Calls That Did Not Connect.

As Plaintiff concedes, CCH has already produced a list of its dialer calls in the form of its phone records. Motion at 3-4. Plaintiff nevertheless contends that CCH's phone records are not a complete list of the calls made by CCH's dialer because they do not show records of cell phone calls that were attempted, but did not connect. Reply Br. at 1-2. Plaintiff only speculates that CCH's dialer ever attempted to make any cell phone calls that were not connected. Indeed, CCH

2

has confirmed that its phone records show all cell phone calls made by CCH's dialer that were either answered by a person or by voicemail. Given that it is standard practice for unanswered cell phones calls to be picked up by voicemail, there is no evidence that CCH's dialer made any cell phone calls which were not answered in one of those ways.

Moreover, even if there were any unconnected cell phone calls not captured by CCH's phone records, a list of such calls could not be created in either of the two ways Plaintiff suggests. First, Plaintiff states that the best evidence of the unconnected cell phone calls made by CCH's dialer would be the dialer records themselves. As CCH has explained to Plaintiff numerous times, including in its Response Brief, the data on CCH's dialer was overwritten daily. Resp. Br. at 4. Accordingly, by the time CCH received notice of Plaintiff's lawsuit on June 16, 2010, there was no data on the dialer relevant to the class period, which Plaintiff defined as June 8, 2006 to June 8, 2010. *Id.* Thus, there is nothing CCH could have done on June 16, 2010 to preserve the records of the calls made by its dialer.

Plaintiff next suggests that CCH's prospective customer database could be used to recreate a list of unconnected cell phone calls. Once again, however, a copy of CCH's prospective customer database as it existed on June 16, 2010 could not be used to create a list of calls made between June 8, 2006 and June 8, 2010. Plaintiff appears to believe that because CCH obtained the lists of phone numbers for its dialer to call by querying its prospective customer database, the database queries could simply be re-run against the June 16, 2010 database to create the list of phone numbers called during the class period. The problem with Plaintiff's argument is that CCH's prospective customer database is constantly changing. As such, a query originally run on June 8, 2010 would not yield the same results if that same query was run against the database a few days later, on June 16, 2010. And, indeed, the results of a

3

query originally run in 2006 would be *entirely* different if that same query were re-run against the database in 2010. Accordingly, even if CCH had preserved a copy of the database as it existed on June 16, 2010, the day CCH was served with the lawsuit, that copy of the database could not be used to recreate a list of phone calls made between June 8, 2006 and June 8, 2010.

For these reasons, Plaintiff's phone records are the best evidence of its dialer calls. No matter what data CCH preserved on June 16, 2010, a better list of its dialer calls could not have been created. Accordingly, Plaintiff has not satisfied his burden of establishing that CCH breached its duty to preserve evidence.

**B.     Dialer Reports.**

Plaintiff next contends that CCH did not preserve dialer reports that show the number of attempted calls, the number of connected calls, and how many calls resulted in sales. Reply at 4. Plaintiff, however, has not established the relevance of such data to his TCPA claim. To state a claim under the TCPA, and to certify a class of other plaintiffs similarly situated, Plaintiff must establish that CCH used an automatic telephone dialing system or a prerecorded voice to call a cell phone without the called party's consent. *See* 47 U.S.C. § 227(b)(1)(a)(iii). Unlike CCH's phone records, which show the time, date, and phone number called by CCH's dialer, aggregate data regarding the total number of phone calls placed or connected, or regarding the number of calls that resulted in a sale, cannot be tied back to a particular phone call or phone number. Accordingly, such data would not establish (1) what phone number was called, (2) whether that phone number was a cell phone, or (3) whether the called party gave consent. Because Plaintiff has not established the relevance of aggregate call data, CCH did not have a duty to preserve it and Plaintiff cannot argue that he has been harmed by its absence.

4

C.  **Email Communications with Continuant.**

Plaintiff further contends that CCH should have preserved email communications with Continuant, the vendor that provides technical support and customer service for CCH's dialer. Plaintiff has not explained, however, how CCH's technical support and customer service communications with Continuant would have any relevance to the present case. Moreover, Plaintiff has subpoenaed Continuant and is in the process of obtaining documents and data regarding CCH from Continuant. Because Plaintiff has not established the relevance of the communications with Continuant and because Plaintiff is able to obtain this data from another source, Plaintiff has not established a basis to impose sanctions on CCH for spoliation.

## CONCLUSION

Although the Court ordered Plaintiff to specifically identify the documents CCH has supposedly failed to preserve, as well as the harm to Plaintiff, Plaintiff has still failed to support its allegations of spoliation with anything other than his own speculative statements that relevant documents might have existed and might have been destroyed by CCH. For that reason, Plaintiff's Motion should be denied, and Plaintiff should be ordered to pay CCH's legal fees and costs for having to brief and argue this groundless Motion.

Dated: November 29, 2011

Respectfully submitted,

CCH Incorporated

*/s/ Sarah A. Zielinski*
David L. Hartsell
Susan E. Groh
Sarah A. Zielinski
McGUIREWOODS LLP
77 West Wacker Dr., Suite 4100
Chicago, IL 60601-7567
(312) 849-8100
dhartsell@mcguirewoods.com
sgroh@mcguirewoods.com

szielinski@mcguirewoods.com

**CERTIFICATE OF SERVICE**

  I, Sarah A. Zielinski, hereby certify that on this 29th day of November, 2011, I filed the foregoing document and exhibits electronically through the Court's ECF system. Notice of this filing will be sent to all registered users through the ECF system.

                */s/ Sarah A. Zielinski*