```
 1   TRANSCRIBED FROM DIGITAL RECORDING

 2                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 3                         EASTERN DIVISION

 4   NICHOLAS MARTIN, on behalf of   ) Docket No. 10 C 3494
     himself and others similarly    )
 5   situated,                       )
                                     )
 6        Plaintiffs,                )
                                     ) Chicago, Illinois
 7             vs.                   ) November 2, 2011
                                     ) 10:15:52 o'clock a.m.
 8   CCH, INCORPORATED,              )
                                     )
 9        Defendant.                 )

10

11            TRANSCRIPT OF PROCEEDINGS - Status
          BEFORE MAGISTRATE JUDGE MARTIN C. ASHMAN
12

13
     APPEARANCES:
14   For the Plaintiffs:      BURKE LAW OFFICES LLC
                              BY:  MR. ALEXANDER HOLMES BURKE
15                            155 North Michigan Avenue
                              Suite 9020
16                            Chicago, Illinois  60601

17

18   For the Defendant:       McGUIREWOODS LLP
                              BY:  MS. SARAH ANN ZIELINSKI
19                            77 West Wacker Drive
                              Suite 4100
20                            Chicago, Illinois  60601

21
              LAURA LaCIEN, CSR, RMR, FCRR, CRR
22                  Official Court Reporter
          219 South Dearborn Street, Suite 1902
23                 Chicago, Illinois  60604
                        (312) 408-5032
24
          **PLEASE NOTIFY OF CORRECT SPEAKER IDENTIFICATION**
25   NOTE:  FAILURE TO STAND NEAR THE MICROPHONE MAKES PORTIONS
     UNINTELLIGIBLE AND INAUDIBLE.
```

```
 1      (The following digitally recorded proceedings were had in
 2   open court:)
 3          COURTROOM DEPUTY:  10 C 3494, Martin versus CCH,
 4   Incorporated.
 5          MR. BURKE:  Good morning, Judge.  Alexander Burke
 6   for the plaintiff.
 7          MS. ZIELINSKI:  Sarah Zielinski for the defendant.
 8          THE COURT:  Good morning.
 9          MR. BURKE:  We've got a big fat motion --
10          THE COURT:  We do.
11          MR. BURKE:  -- before your Honor.  It's a motion for
12   sanctions and spoliation.
13          THE COURT:  Okay.  You're ready to argue it?
14          MR. BURKE:  I am, your Honor.  I think that there
15   would be some use in filing a reply brief just to put some
16   stuff in writing.
17          THE COURT:  Well, I think there would be some use to
18   it, too, because frankly the motion itself is either
19   repetitive or I don't understand it.
20          MR. BURKE:  Okay.
21          THE COURT:  I'm not sure that I know specifically
22   what the motion -- has addressed that.  There's some general
23   statements about documents but it doesn't say what, which is
24   pretty much what the -- pretty much what the response by
25   saying what are you talking about.
```

```
 1              MR. BURKE:  Okay.
 2              THE COURT:  So, yeah, give us a reply which
 3   specifically says they didn't give us one, two, three, four,
 4   five, we didn't get this from anybody else, what's the harm.
 5   Address that specifically.
 6              MR. BURKE:  We'll do that.
 7              THE COURT:  Okay.  How much time do you need?
 8              MR. BURKE:  How about November 18th, just over two
 9   weeks?
10              THE COURT:  Okay.  December 18th to file a reply.
11              COURTROOM DEPUTY:  Judge, did he say November or
12   December, counsel?
13              MR. BURKE:  November.
14              COURTROOM DEPUTY:  Okay.
15              THE COURT:  Oh, I'm sorry.  November 18th for a
16   reply and we'll set this for oral argument on November 30 at
17   11:30.
18              MR. BURKE:  Okay.
19              THE COURT:  Okay.
20              MR. BURKE:  A few other issues.  Probably the
21   easiest is that I filed a motion for leave to file an exhibit
22   under seal.
23              THE COURT:  Yes.  Any objection?
24              MS. ZIELINSKI:  No, no objection, your Honor.
25              THE COURT:  All right.  That motion is granted.
```

1        MR. BURKE:  On the 31st, the last day of discovery,
2   I filed a motion -- I haven't noticed it up yet -- a motion
3   for -- to extend discovery as to subpoena that we issued to a
4   third-party continuant in Washington State.  Continuant
5   administers CCH's dialers.
6        They've responded to the subpoena -- well, they
7   contacted me.  We're working through some issues regarding
8   confidentiality.  They want us to pay for various things and
9   I'm working through it.  We don't want to keep discovery open
10  for other purposes; just for this limited purpose of the
11  subpoena.
12       MS. ZIELINSKI:  Your Honor, we don't oppose
13  discovery closing except for certain limited purposes.  In
14  addition to them having a subpoena outstanding to continuant,
15  we also have a subpoena outstanding to the IRS.  We've been
16  working with the IRS, as I think I mentioned the last time we
17  were here, to get testimony regarding its e-locator database
18  which is where plaintiff's contact information is located and
19  regarding whether plaintiff voluntarily agreed to have that
20  information posted on that website.
21       We have gotten some information from the IRS but
22  what we're trying to do is put that in a form that would
23  be -- we'd be able to present to the court, either in a
24  deposition or in an affidavit.  So we would be okay with
25  allowing discovery to close except for the limited purposes

```
 1  of those subpoenas.
 2          THE COURT:  All right.  So discovery is extended for
 3  how long?
 4          MR. BURKE:  I would hope that this would be resolved
 5  in 30, 45 days.  They're really sort of pushing back as to
 6  these -- the some money issue and confidentiality issue.
 7          Your Honor, just so the record -- discovery was
 8  extended over 30 days for the purpose of CCH pursuing this
 9  IRS subpoena last time we were here.  The subpoena was issued
10  in August and I haven't seen any response to anything in
11  response to the subpoena.
12          THE COURT:  Well, they said they're getting
13  something.  We're going to extend discovery for two purposes,
14  for the purpose of getting responses to a subpoena.  Describe
15  the subpoena.
16          MR. BURKE:  Subpoena issued to continuant.
17          THE COURT:  Okay.  And for the purpose of obtaining
18  information from the IRS.
19          MR. BURKE:  Okay.
20          THE COURT:  And we'll extend it to January 13.
21  We'll set this matter for a status on January 25 at 10:00
22  o'clock.
23          MS. ZIELINSKI:  And, your Honor, we do have one
24  other motion up today.
25          THE COURT:  Pardon?
```

1           MS. ZIELINSKI:  We do have one other motion up today
2   with your Honor.
3           THE COURT:  Okay.  What is that?
4           MR. BURKE:  And one more -- and it's all
5   inter-connected.  And one more request.  I'll do the request
6   first because I don't think there's any dispute among the
7   parties.
8           The parties yesterday began the preliminary process
9   of talking class settlement and the plaintiff has a --
10  cooperative effort to figure out if we can make a class
11  settlement so both parties are on board here.  And the
12  plaintiff is to make his expert disclosures for class
13  certification in two weeks.
14          We are just at the brink of having to incur
15  significant costs to make that disclosure and we discussed
16  this yesterday and CCH would not oppose putting that -- the
17  expert disclosure deadlines off 30 days for class
18  certification.
19          THE COURT:  All right. You want -- what you want is
20  expert disclosure extended for 30 days by reason of the fact
21  that you're beginning to talk settlement --
22          MR. BURKE:  Yes.
23          THE COURT:  -- is that about it?
24          MR. BURKE:  Yes.
25          THE COURT:  Okay.  That motion is granted.

1      MR. BURKE:  Great.

2      MS. ZIELINSKI:  Thank you, your Honor.

3      THE COURT:  Now that will be extended to -- we'll extend it to -- what date did I just give you for an extension?

6      MR. BURKE:  January 13th.

7      THE COURT:  January 13th.

8      MR. BURKE:  So that -- maybe it would make sense to have --

10     THE COURT:  That gives you plenty of time.

11     MR. BURKE:  For the plaintiff's disclosure?

12     THE COURT:  For -- well, you want 30 days for each side?

14     MR. BURKE:  Yeah.  Of course everything would have to be pushed.

16     THE COURT:  All right.  For the plaintiff, January 13th.  For the defendant, February 13th.

18     MR. BURKE:  Okay.

19     THE COURT:  Let's see if that's a real date.  February 13 is not Friday the 13th so it's okay.

21     MS. ZIELINSKI:  And then the last issue up today, your Honor, also does relate to this -- the discovery and so this would be another thing that if you grant this motion, we'd like discovery to stay open for as well and that is a motion to compel that CCH filed last Friday to compel

```
 1  plaintiff to request a copy of his application to the IRS to
 2  become an authorized e-file provider.
 3              THE COURT:  Yes.  Is there any objection to that?
 4              MR. BURKE:  I mean, we've produced the documents
 5  that we have relating to this.  It's three pages that the
 6  plaintiff preserved.
 7              THE COURT:  They want the IRS application.  You
 8  don't have it.  They want an authorization, they get it.
 9  What's the objection?
10              MR. BURKE:  Well, I'm not too sure they're asking
11  for an authorization to get it.  I think -- my understanding
12  was that they're asking us to demand like through a subpoena
13  or some other process from the IRS to get it.
14              MS. ZIELINSKI:  No, your Honor.  We've been working
15  with the IRS in an attempt to get this information ourselves
16  and the IRS has already shown us sample forms showing that
17  the plaintiff would have had to check this box on his
18  application consenting to be included in this database which
19  is contrary exactly to the deposition.
20              THE COURT:  Well, but if you get an authorization
21  from your opponent and give it to the IRS, will you get the
22  information?
23              MS. ZIELINSKI:  That may be possible.  What -- the
24  information I've gotten from them is that they cannot give it
25  to us directly but if the plaintiff requested it himself
```

y
plaintiff to request a copy of his application to the IRS to
become an authorized e-file provider.

       THE COURT: Yes. Is there any objection to that?

       MR. BURKE: I mean, we've produced the documents that we have relating to this. It's three pages that the plaintiff preserved.

       THE COURT: They want the IRS application. You don't have it. They want an authorization, they get it. What's the objection?

       MR. BURKE: Well, I'm not too sure they're asking for an authorization to get it. I think -- my understanding was that they're asking us to demand like through a subpoena or some other process from the IRS to get it.

       MS. ZIELINSKI: No, your Honor. We've been working with the IRS in an attempt to get this information ourselves and the IRS has already shown us sample forms showing that the plaintiff would have had to check this box on his application consenting to be included in this database which is contrary exactly to the deposition.

       THE COURT: Well, but if you get an authorization from your opponent and give it to the IRS, will you get the information?

       MS. ZIELINSKI: That may be possible. What -- the information I've gotten from them is that they cannot give it to us directly but if the plaintiff requested it himself

```
 1  directly.  So it may be that we can get it if we have
 2  permission as well.
 3              MR. BURKE:  Judge, I don't --
 4              THE COURT:  It's within your control.
 5              MR. BURKE:  I'm not sure that control goes so far.
 6  You know, I haven't seen anything from the IRS that says that
 7  if we -- you know, if we produce this -- I mean, if they have
 8  something in writing that says okay, well, this is what we
 9  need from the IRS, you know, we would consider that but I
10  just don't know what the scope of what they're asking for,
11  just this application.
12              THE COURT:  They're asking for an application form.
13  How -- what is it, a one-page, two-page form?
14              MS. ZIELINSKI:  It's an application that he would
15  have filled out online so we just need a copy of that form so
16  I think he can even access it.
17              THE COURT:  An application form.  There is control.
18  I disagree with you, there is control.  All your client has
19  to do is sign a paper and get it over to the IRS and
20  everybody has it so you do have control.
21              MR. BURKE:  Okay.
22              THE COURT:  That being the case, the order is that
23  the plaintiff shall execute the appropriate documents to
24  obtain the application -- what do you call it?
25              MR. BURKE:  E-file application.
```

```
 1          MS. ZIELINSKI:  Authorized e-file provider
 2  application.
 3          THE COURT:  Okay.
 4          MS. ZIELINSKI:  Thank you.
 5          THE COURT:  Okay.
 6          MS. ZIELINSKI:  I believe that was also --
 7          MR. BURKE:  Let me look at my notes.  We have a
 8  couple things that were off.  I think we hit them, your
 9  Honor.
10          MS. ZIELINSKI:  Okay, your Honor.
11          MR. BURKE:  Thank you, Judge.
12          MS. ZIELINSKI:  Thank you.
13          THE COURT:  You may have one other thing.  No,
14  you've covered -- you've covered everything that I have.
15          MR. BURKE:  All right.  Thank you.
16          MS. ZIELINSKI:  Thank you.
17          THE COURT:  Okay.
18     (Which concluded the proceedings in the above-entitled
19  matter.)
20
21
22
23
24
25
```

1           C E R T I F I C A T E

2      I hereby certify that the foregoing is a

3  transcription of proceedings transcribed from digital

4  proceedings held before the Honorable Martin C. Ashman on

5  November 2, 2011.

6  */s/Laura LaCien*

7  _____                November 9, 2011
   Laura LaCien                             Date
8  Official Court Reporter

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25