**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, <br>     Plaintiff, <br><br> v. <br><br> CCH, INCORPORATED, <br>     Defendant. | ) <br> )   1:10-cv-3494 <br> ) <br> )   Judge Dow <br> ) <br> )   Magistrate Judge Geraldine Soat Brown <br> ) <br> ) <br> ) |

**DECLARATION OF SHENNAN KAVANAGH IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Shennan Kavanagh, hereby declare as follows:

    1.    I am a partner in the law firm Klein Kavanagh Costello, LLP ("KKC") and one of Plaintiff's counsel in this action, having been admitted to this case on a *pro hac vice* basis on June 13, 2011 [Docket No. 73]. I was formerly with the law firm of Roddy Klein & Ryan. I make this Declaration of my own personal knowledge, and if called to testify, I could testify competently to the matters stated herein. This Declaration is provided in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement.

    2.    I am an attorney with extensive experience representing consumers and other plaintiffs in class actions and unfair business practices litigation. To demonstrate KKC's qualifications to represent the proposed settlement class in this action and the basis for my recommendation that the Court grant preliminary approval of the proposed class action settlement reach in this case, I summarize my background and qualifications

as well as those of Gary Klein, another partner at KKC who is involved in the day-to-day work in this case, below.

3. I have devoted my entire legal career to representing consumers. Prior to my nearly ten years of litigating complex consumer class actions, I was a legal services attorney, advising and advocating for consumers subjected to unfair business practices. I have been appointed as lead counsel in several multi-district litigation ("MDL") proceedings, including a lengthy MDL litigated before Judge Aspen in the Northern District of Illinois against Ameriquest Mortgage Company for unfair and predatory mortgage lending practices. *In re Ameriquest Mortgage Co., Mortgage Lending Practices Litigation* (MDL No. 1715).

4. I have been involved in dozens of mediations and have substantial experience in negotiating and settling consumer class actions.

5. A true and correct copy of my resume is attached to this Declaration.

6. A true and correct copy of the resume of Mr. Klein is also attached to this Declaration. Mr. Klein is a nationally known expert on consumer law, having represented consumers in individual and class action cases since 1985. Mr. Klein was a former staff attorney at the National Consumer Law Center in Boston, a non-profit law firm representing the interests of low-income consumers in court and in various legislatures from 1991-2000.

7. Plaintiff's counsel are experienced class action lawyers whose combined experience in consumer law, claims under the Telephone Consumer Protection Act, ("TCPA") and class action litigation, coupled with diligence and commitment to this litigation, will more than adequately protect the interests of the settlement class.

8. The nearly two-year litigation was lengthy and hard-fought. In particular, the parties' motion practice was extensive, resulting in court decisions on a variety of issues central to the parties' claims and defenses.

9. The discovery process was thorough and included both formal and informal discovery. Plaintiff obtained a substantial amount of discovery in this case that allowed them to evaluate its strengths and weaknesses relating both to class certification and the merits, including, without limitation, information relating to how CCH's automatic telephone dialer operated during the class period and phone records for all calls placed by the dialer.

10. The parties then decided to explore a possible settlement of the action. On March 9, 2012, the parties engaged in a full day mediation session with the Honorable Judge Andersen (Ret.) of JAMS.

11. Every substantive detail of the Settlement was hotly negotiated. The mediation resulted in a settlement term sheet over which Judge Andersen presided. Following the execution of the term sheet, the parties spent an additional five months negotiating the specifics of the Settlement.

12. Negotiations relating to attorney's fees and costs, and the named Plaintiff's service payment, occurred after the parties agreed upon the relief to settlement class members. CCH only agreed to pay, subject to Court approval, Plaintiff's attorney's fees and costs after Judge Andersen reviewed Plaintiff's counsel's detailed time and expense records and weighed in on their reasonableness.

13. The Settlement was the result of arms-length negotiations. There was no collusion in the negotiation process and neither Plaintiff's counsel, nor the named Plaintiff has any interest that is antagonistic with those of the settlement class.

14. In my opinion, based on by experience, the Settlement provides a significant economic benefit to the settlement class. Not only are settlement class members who choose to file a claim receiving monetary compensation, but they will also benefit from CCH's representations and warranties, made in the settlement of this action, that it has changed its business practices to ensure that they are designed to be compliant with the TCPA. This relief is appropriate because it is directly tailored to the facts and claims at issue in this action. In addition, the procedures for identifying settlement class members, which Plaintiff confirmed was done accurately through a confirmatory deposition of a CCH employee responsible for the analysis, as well as the Notice and notice scheme proposed under the Settlement, which affords opportunities to object or opt out of the Settlement, are fair and consistent with due process requirements and Fed. R. Civ. P. 23(e). As such, I believe that the Settlement is fair, reasonable and adequate and worthy of notice to the settlement class.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and was executed in Boston, Massachusetts on August 10, 2012.

                                            */s/ Shennan Kavanagh*
                                            Shennan Kavanagh