**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) ) | 1:10-cv-3494 |
| Plaintiff, | ) ) | Judge Dow |
| v. | ) ) | Magistrate Judge Geraldine Soat Brown |
| CCH, INCORPORATED, | ) ) | |
| Defendant. | ) | |

**DECLARATION OF ALEXANDER H. BURKE IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Alexander H. Burke, hereby declares as follows:

1. I am a lawyer with substantial experience representing consumers and other plaintiffs in class actions and unfair business practices litigation. To demonstrate Burke Law Offices, LLC's qualifications to represent the proposed settlement class in this action and the basis for my recommendation that the Court grant preliminary approval of the proposed class action settlement reach in this case, I summarize my background and qualifications below.

2. In September 2008, I opened Burke Law Offices, LLC. This firm concentrates on consumer class action and consumer work on the plaintiff side. Since the firm began, it has prosecuted cases for consumers under the Telephone Consumer Protection Act, Fair Debt Collection Practices Act, Fair Credit Reporting Act, Equal Credit Opportunity Act, Electronic Funds Transfer Act, Illinois Consumer Fraud Act, Truth in Lending Act and the Fair Labor Standards Act, among others. The firm also occasionally accepts mortgage foreclosure defense or credit card defense case. Except for debt collection defense cases, the firm works almost exclusively on a contingency basis. This Declaration is provided in support of Plaintiff's

Unopposed Motion for Preliminary Approval of Class Action Settlement.

3. My legal career began at Edelman, Combs, Latturner & Goodwin, LLC, in Chicago, Illinois, where I spent nearly three years litigating exclusively consumer cases. I estimate that approximately sixty-five percent of those cases were class actions. In 2007, I joined the Law Offices of Keith J. Keogh, Ltd., another consumer rights law firm, where my practice was again limited almost exclusively to consumer class action.

4. I make substantial efforts to remain current on the law, including class action issues. I attended the National Consumer Law Center Consumer Rights Litigation Conference in 2006 through 2011 and have been an active participant in the Consumer Class Action Intensive Symposium at each of those conferences. In October 2009, I spoke on a panel of consumer class action attorneys welcoming newcomers to the conference, and am currently scheduled to speak at the 2012 conference in Seattle, Washington regarding the Telephone Consumer Protection Act. In addition to regularly attending Chicago Bar Association meetings and events, I was the vice-chair of the Chicago Bar Association's consumer protection section in 2008-2009, and the chair in 2009-2010, In November 2009, I moderated a panel of judges and attorneys discussing recent events and decisions concerning arbitration of consumer claims and class action bans in consumer contracts.

5. Some notable class actions and other cases that I have worked on include: *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838 (N.D.Ill. Aug. 10, 2012); *Soppet v. Enhanced Recovery Co.*, 2011 WL 3704681(N.D.Ill. Aug 21, 2011), *aff'd*, 679 F.3d 637 (7th Cir. 2012) (TCPA defendant's summary judgment motion denied. My participation was limited to litigation in the lower court); *D.G. ex rel. Tang v. William W. Siegel & Associates, Attorneys at Law, LLC*, 2011 WL 2356390 (N.D.Ill. Jun 14, 2011); *Powell v. West Asset*

2

*Management, Inc.*, 773 F.Supp.2d 898 (N.D.Ill. 2011)(debt collector TCPA defendant's "failure to mitigate" defense stricken for failure to state a defense upon which relief may be granted); *Fike v. The Bureaus, Inc.*, 09-cv-2558 (N.D.Ill. Dec. 3, 2010) (final approval granted for $800,000 TCPA settlement in autodialer case against debt collection agency); *Donnelly v. NCO Financial Systems, Inc.*, 263 F.R.D. 500 (N.D.Ill. Dec. 16, 2009) Fed.R.Civ.P. 72 objections overruled in toto, 2010 WL 308975 (N.D.Ill. Jan 13, 2010) (novel class action and TCPA discovery issues decided favorably to class); *Cicilline v. Jewel Food Stores, Inc.*, 542 F.Supp.2d 831 (N.D.Ill. 2008) (FCRA class certification granted); 542 F.Supp.2d 842 (N.D.Ill. 2008) (plaintiffs' motion for judgment on pleadings granted);  *Harris v. Best Buy Co.*, 07 C 2559, 2008 U.S. Dist. LEXIS 22166 (N.D.Ill. March 20, 2008) (Class certification granted); *Matthews v. United Retail, Inc.,* 248 F.R.D. 210 (N.D.Ill. 2008) (FCRA class certification granted); *Redmon v. Uncle Julio's, Inc*., 249 F.R.D. 290 (N.D.Ill. 2008) (FCRA class certification granted); *Harris v. Circuit City Stores, Inc*., 2008 U.S. Dist. LEXIS 12596, 2008 WL 400862 (N.D. Ill. Feb. 7,2008) (FCRA class certification granted); aff'd upon objection (Mar. 28, 2008); *Harris v. Wal-Mart Stores, Inc.*, 2007 U.S. Dist. LEXIS 76012 (N.D. Ill. Oct. 10, 2007) (motion to dismiss in putative class action denied); *Barnes v. FleetBoston Fin. Corp.*, C.A. No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072 (D.Mass. Aug. 22, 2006) (appeal bond required for potentially frivolous objection to large class action settlement, and resulting in a $12.5 million settlement for Massachusetts consumers); L*ongo v. Law Offices of Gerald E. Moore & Assocs., P.C.*, 04 C 5759, 2006 U.S. Dist. LEXIS 19624 (N.D.Ill. March 30, 2006) (class certification granted); *Nichols v. Northland Groups, Inc*., case nos. 05 C 2701, 05 C 5523, 06 C 43, 2006 U.S. Dist. LEXIS 15037 (N.D.Ill. March 31, 2006) (class certification granted for concurrent classes against same defendant for ongoing violations); *Lucas v. GC Services, L.P.*, case No. 2:03 cv 498, 226 F.R.D. 328 (N.D.Ind. 2004) (compelling discovery), 226 F.R.D. 337

(N.D.Ind. 2005) (granting class certification); *Murry v. America's Mortg. Banc, Inc.*, case nos. 03 C 5811, 03 C 6186, 2005 WL 1323364 (N.D. Ill. May 5, 2006) (Report and Recommendation granting class certification), aff'd, 2006 WL 1647531 (June 5, 2006); *Rawson v. Credigy Receivables, Inc.,* case no. 05 C 6032, 2006 U.S. Dist. LEXIS 6450 (N.D. Ill. Feb. 16, 2006) (denying motion to dismiss in class case against debt collector for suing on time-barred debts).

6. I graduated from Colgate University in 1997 (B.A. International Relations), and from Loyola University Chicago School of Law in 2003 (J.D.). During law school I served as an extern to the Honorable Robert W. Gettleman of the District Court for the Northern District of Illinois and as a law clerk for the Honorable Nancy Jo Arnold, Chancery Division, Circuit Court of Cook County. I also served as an extern for the United States Attorney for the Northern District of Illinois and was a research assistant to adjunct professor Honorable Michael J. Howlett, Jr. I was the Feature Articles Editor of the Loyola Consumer Law Review and Executive Editor of the International Law Forum. My published work includes International Harvesting on the Internet: A Consumer's Perspective on 2001 Proposed Legislation Restricting the Use of Cookies and Information Sharing, 14 Loy. Consumer L. Rev. 125 (2002).

7. I became licensed to practice law in the State of Illinois in 2003 and the State of Wisconsin in March 2011, and am a member of the bar of the United States Court of Appeals for the Seventh and First Circuits, as well as the Northern District of Illinois, Central District of Illinois, Southern District of Illinois, Eastern District of Wisconsin, Northern District of Indiana and Southern District of Indiana. In 2009-10, I was the vice chair of the Consumer Protection section of the Chicago Bar Association, and was the chair of that group for the 2010-2011 year. I am also a member of the Illinois State Bar Association, the Seventh Circuit Bar Association and the American Bar Association, as well as the National Association of Consumer Advocates.

8. This litigation was extremely difficult, particularly discovery. Plaintiff prosecuted multiple favorable discovery motions and successfully defended several others before Magistrate Judge Ashman.

9. In late 2011, the parties began to explore possible settlement of this action. Over the next months the parties engaged in preliminary settlement talks, culminating in a full-day mediation before the Honorable Judge Andersen (Ret.) of JAMS in Chicago. The mediation resulted in a settlement term sheet over which Judge Andersen presided. Following the execution of the term sheet, the parties spent an additional five months negotiating the specifics of the Settlement.

10. Negotiations relating to attorney's fees and costs, and the named Plaintiff's service payment, occurred after the parties agreed upon the relief to settlement class members. CCH only agreed to pay, subject to Court approval, Plaintiff's attorney's fees and costs after Judge Andersen reviewed Plaintiff's counsel's detailed time and expense records and weighed in on their reasonableness.

11. The Settlement was the result of arms-length negotiations. There was no collusion in the negotiation process and neither Plaintiff's counsel, and I am not aware of any interest that Nicholas Martin has that is antagonistic with those of the settlement class.

12. The settlement is designed to provide adequate notice to the class members, and affords them a right to opt out and pursue their own claims if they so choose. It also permits them to object, if they so choose.

13. In sum, it my opinion and based upon my experience, this settlement represents a good result for the class.

6

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/Alexander H. Burke

Executed in Evanston, Illinois
October 15, 2012

6