IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) ) | 1:10-cv-3494 |
| Plaintiff, | ) ) | Judge Dow |
| v. | ) ) | Magistrate Judge Geraldine Soat Brown |
| CCH, INCORPORATED, | ) ) | |
| Defendant. | ) | |

**DECLARATION OF HON. WAYNE ANDERSEN (RET.) IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF CLASS ACTION SETTLEMENT**

I, Wayne Andersen, declare as follows:

1. I am a retired District Judge for the United States District Court, Northern District of Illinois and a former Judge of the Circuit Court of Cook County.. Currently, I am a mediator and arbitrator with JAMS. I have nearly 30 years of dispute resolution experience, including a wide range of complex cases.

2. I personally presided over an all-day mediation session in this litigation on March 9, 2012 between the parties and have interacted with the parties thereafter. Counsel prepared formal mediation briefs prior to the mediation session for my review. I presided over the agreement on a settlement term sheet, and the parties then privately negotiated the details of the full Settlement Agreement. In addition, I personally reviewed the detailed time and expense records of Plaintiff's counsel in support of the parties' agreed upon payment of attorney's fees and costs, for which Plaintiff will seek court approval.

3. During the mediation session, the parties had extensive discussions about the allegations and merits of Plaintiff's complaint, the alleged misconduct of the

Defendant and harm to the class, and the forms of potential relief available through settlement.

4. The settlement discussions were rigorous, intense, hard-fought, and unquestionably arms-length. The Defendant disputed not only the Plaintiff's factual allegations of wrongdoing, but also Plaintiff's theories of liability and for class certification. The settlement terms reflect considerable diligence, creativity and flexibility on the part of all counsel.

5. Only after the parties reached an agreement on all of the material terms of the settlement affecting the plaintiff class did they turn to discussion about the payment of Plaintiff's counsel's attorneys' fees. After substantial negotiation, it was agreed that the Defendant would not oppose a motion for a payment of Plaintiff's attorney's fees in the amount of $600,000 plus actual costs in the approximate amount of $10,000. This agreement was contingent upon my reviewing the detailed time and expense records of Plaintiff's counsel and weighing in on the reasonableness of the amount of these attorney's fees and costs. On July 6, 2012, Plaintiff's counsel submitted their detailed time and expense records to me for my review. In my opinion, $600,000 in attorney's fees plus approximately $5,000 in cost reimbursement is reasonable in light of the work expended and to be expended by Plaintiff's counsel in the litigation and settlement of this case. The agreement on these awards did not in any way influence the negotiations or agreement regarding the relief to be provided to the class.

6. The settlement brings a full and final resolution to this complex litigation.. The proposed settlement provides a substantial and concrete monetary benefit to settlement class members, and ensures, through the adoption of business policies and

procedures, that the Defendant's practices with respect to telemarketing are compliant with the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), under which Plaintiff brought his claims. The settlement terms are especially appropriate given the uncertain risks inherent in such complex consumer litigation, and the time, money, and effort that Plaintiff's counsel has expended.

7. I am familiar with counsel for both sides and their law firms, and know them to have significant experience and expertise about the substantive and procedural issues in this litigation. Both sides vigorously represented the interests of their clients. The proposed settlement was negotiated at arms-length and in good faith, and is the product of hard bargaining on both sides. The procedures for identifying Settlement Class Members (which identification process was subject to confirmatory discovery in the form of a deposition taken by Plaintiff's counsel of the CCH representative responsible for the analysis), providing notice of the proposed settlement terms, and affording opportunities to object to or opt out of the Agreement are, in my opinion, fair and sufficient. I therefore respectfully recommend that the Court approve the Settlement.

_____
Wayne Andersen