

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated,<br>    Plaintiff, | )<br>) 1:10-cv-3494<br>)<br>) |
| v. | ) Judge Dow<br>) |
| CCH INCORPORATED,<br>    Defendant. | ) Magistrate Judge Geraldine Soat Brown<br>)<br>) |

**PRELIMINARY APPROVAL ORDER**

WHEREAS, Plaintiff has made a motion (the "Motion"), pursuant to Federal Rule of Civil Procedure 23, for an order preliminarily approving the settlement of the above-captioned action (the "Action") in accordance with the Stipulation and Agreement of Settlement dated October 9, 2012 (including its exhibits, the "Agreement"), which sets forth the terms and conditions for a proposed settlement of the Action and its dismissal with prejudice;

WHEREAS, as a condition of the Agreement, Plaintiff, on behalf of themselves individually, and, (upon class certification for settlement purposes only) on behalf of each of the Settlement Class Members, have agreed to release all claims as specified in Section 5 of the Agreement; and

WHEREAS, this Court has read and considered Plaintiff's Motion, the Agreement, and all arguments and submissions related to the Motion;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Preliminary Approval Order incorporates by reference the definitions in the Agreement, and all defined terms used herein shall have the same meanings as set forth in the Agreement.

2. This Court has subject matter jurisdiction over this Action and, for purposes of this settlement only, has personal jurisdiction over all the Parties, including all members of the Settlement Class.

3. In conjunction with the proposed settlement, the Court hereby grants Plaintiff leave to file, and accepts for filing, and deems filed and served on CCH, the Second Amended Complaint (copy attached as Exhibit A to the Agreement) for settlement purposes only. CCH shall not be required to file or serve an Answer or other

responsive pleading or motion to the Second Amended Complaint and all allegations of the Second Amended Complaint shall be deemed denied and disputed by CCH without the necessity of filing an Answer or responsive pleading. Neither the attachment and incorporation by reference of the proposed Second Amended Complaint to the Agreement, nor its filing in the Action, shall be construed as any admission, concession, or adoption of any of the allegations made therein by CCH.

4. This Court preliminarily approves the Agreement as being fair, reasonable and adequate and within the range of possible approval, subject to consideration at the Final Fairness Hearing as set forth below in Paragraph 11.

5. For purposes of this settlement only, this Court preliminarily certifies the "Settlement Class" defined as follows:

> All persons in the United States who received a call to their cellular telephone between June 8, 2006 and August 16, 2010 made by CCH SFS for the purposes of telemarketing using an automatic telephone dialing system, provided however, that both of the following conditions are met:
>
> 1. CCH SFS first obtained the persons' cellular telephone number from a list provided by the Internal Revenue Service pursuant to a Freedom of Information Act (FOIA) request, and
> 2. The person has not purchased a CCH SFS product in the 18 months prior to the date of the call.
>
> For the purpose of this definition, the term "person" includes individuals, business entities and partnerships. For purposes of this settlement, joint owners of a single cell phone are deemed to be a single member of the Settlement Class. The parties agree that there are 18,024 persons in the Settlement Class.

The Court hereby finds and orders that, by not objecting to the certification of the Settlement Class for purposes of the settlement only, and by taking other steps to

3

negotiate, execute and implement the Agreement, CCH is not in any way waiving any rights or defenses other than as expressly set forth in the Agreement.

6. The Settlement Class is preliminarily certified pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), and all members of the Settlement Class shall have the right to exclude themselves by way of the opt-out procedure set forth below in Paragraph 15.

7. This Court preliminarily finds, solely for purposes of the settlement, that the Action may be maintained as a class action on behalf of the Settlement Class because: (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the members of the Settlement Class which predominate over any individual questions; (c) Plaintiff's claims are typical of the claims of those members of the Settlement Class; (d) Plaintiff and Settlement Class Counsel have fairly and adequately represented and protected the interests of all of the members of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

8. This Court preliminary finds that any applicable requirements of the Class Action Fairness Act have been met.

9. This Court preliminarily finds that Plaintiff fairly and adequately represents the interests of the Settlement Class and therefore designates Plaintiff as the representative of the Settlement Class.

10. Pursuant to Federal Rule of Civil Procedure 23(g), and after consideration of the factors described therein and oral and written arguments, this Court designates as

Settlement Class Counsel the law firms Burke Law Offices, LLC and Klein Kavanagh Costello, LLP. This Court preliminarily finds that based on the work Settlement Class Counsel have done in identifying, investigating and prosecuting the claims in the action, Settlement Class Counsel's experience in handling class actions, other complex litigation and claims of the type asserted in this action, Settlement Class Counsel's knowledge of the applicable law and the resources Settlement Class Counsel have committed and will commit to representing the Settlement Class, Settlement Class Counsel have and will fairly and adequately represent the interests of the Settlement Class. This Court authorizes Plaintiff and Settlement Class Counsel to enter into the Agreement on behalf of the Settlement Class, subject to final approval by this Court of the settlement. Plaintiff and Settlement Class Counsel, on behalf of the Settlement Class, are authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Agreement to effectuate its terms.

11. The Final Fairness Hearing shall take place before the Honorable Robert M. Dow, Jr., on <u>March 19, 2013 at 9:30 a.m.</u> at the United States District Court, Northern District of Illinois, Eastern Division, Courtroom #1919, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, to determine: whether the proposed settlement of the Action on the terms and conditions provided for in the Agreement is fair, adequate and reasonable as to the Settlement Class Members and should be approved; whether the Judgment, as provided for in the Agreement, should be entered; and the amount of fees and costs, if any, that should be awarded to Settlement Class Counsel, and the amount of the service award, if any, that should be awarded to

Plaintiff, as provided for in the Agreement. The Court will also hear and consider any timely and proper objections at that time.

12.  This Court finds that the notice provisions as set forth in Section 6 of the Agreement are the only notice required, and that such notice satisfies the requirements of Due Process, the Federal Rules of Civil Procedure and any other applicable laws and rules, and constitutes the best notice that is practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. This Court approves the form and content of the Direct Mail Notice and claim form attached as Exhibits C and D, respectively, to the Agreement.

13.  The Court approves the claims procedures set forth in Section 6 of the Agreement. To be treated as valid, claim forms must be properly completed and postmarked by January 30, 2013.

14.  All members of the Settlement Class who do not request exclusion ("opt-out") from the Settlement Class pursuant to the requirements of Paragraph 15 below shall be bound by all determinations and judgments in this Action concerning the settlement, including, but not limited to, the dismissal of the Action with prejudice and the validity, binding nature and effectiveness of the release set forth in Section 5 of the Agreement.

15.  Any member of the Settlement Class who wishes to opt-out of the Settlement Class shall submit to the Settlement Administrator, with a postmark no later than January 30, 2013, an appropriate written request for exclusion by mail, personally signed by the Settlement Class Member, including: (i) the member of the Settlement Class's name, address, telephone number; (ii) a sentence confirming that he or she is a member of the Settlement Class and; (iii) the following statement: "I request to be

excluded from the Settlement Class in *Martin v. CCH, Incorporated* United States District Court, Northern District of Illinois, 10-CV-3494." No member of the Settlement Class, or any person acting on behalf of or in concert or participation with that member of the Settlement Class, may exclude any other member of the Settlement Class from the Settlement Class, except in the case of joint owners of a single cell phone to which a call covered by this Agreement was placed.

16. Any member of the Settlement Class who has not previously opted-out in accordance with the terms of Paragraph 15 above (a "Settlement Class Member") may appear at the Final Fairness Hearing to argue that the proposed settlement should not be approved and/or to oppose any application for an award of attorneys' fees and costs or service award to Plaintiff; provided, however, that no Settlement Class Member shall be heard, and no objection may be considered, unless the Settlement Class Member has filed with this Court a valid written statement of the objection postmarked no later than January 30, 2013. Copies of all objection papers must be mailed to each of the following, postmarked by the last day to file the objection: Settlement Class Counsel: Alexander H. Burke, Burke Law Offices, LLC, 155 N. Michigan Ave., Suite 9020, Chicago, IL 60601 and counsel for CCH: David L. Hartsell, McGuireWoods LLP, 77 W. Wacker Dr., Suite 4100, Chicago, IL 60601. To be valid, all objections must include: (i) the objector's name, address and telephone number; (ii) a sentence confirming that he or she is a Settlement Class Member; (iii) the factual basis and legal grounds for the objection; (iv) the identity of witnesses (if any) whom the objector may call to testify at the Final Fairness Hearing; and (v) copies of exhibits (if any) the objector intends to offer into evidence at the Final Fairness Hearing. Any Settlement Class Member who does not

make his or her objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement contemplated by the Agreement, or the issues of the amount of fees or costs, if any, that should be awarded, or the amount of service award, if any, that should be awarded to Plaintiff.

17. This Court approves Epiq Systems as Settlement Administrator.

18. The costs of notice and settlement administration shall be paid as described in Sections 3.3(a)(i) of the Agreement. CCH and the other Released Parties shall have no liability or responsibility whatsoever with respect to the maintenance, administration, preservation, investment, use, allocation, adjustment, administration, distribution, and/or disbursement of any amount in the Settlement Fund or otherwise paid pursuant to the Agreement or with respect to any claim by any member of the Settlement Class concerning the handling or resolution of his, her or its claim(s) with respect to the Settlement Fund. In addition, CCH and the other Released Parties shall have no liability or responsibility whatsoever with respect to the Notice.

19. This Preliminary Approval Order, the Agreement, and any act performed or document executed pursuant to, in furtherance thereof, or in seeking entry of this Preliminary Approval Order:

(a) Will not be offered or received against any of the Released Parties as evidence of, or be construed as or deemed to be evidence of, any admission or concession by any of the Released Parties as to the truth or relevance of any fact alleged by Plaintiff, the existence of any class alleged by Plaintiff, the propriety of class certification had the Action been litigated rather than settled, or the validity of any claim

that has been or could have been asserted in the Action or in any other litigation, or the validity of any defense that has been or could have been asserted in the Action or in any other litigation, or of any liability, negligence, fault, or wrongdoing of any of the Released Parties;

(b) Will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing whatsoever, by CCH or any of the other Released Parties, or of the truth of any of the claims or allegations in this Action. Evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, this Order, the Final Approval Order, and/or the Final Judgment and Order of Dismissal;

(c) Will not be construed against CCH as an admission or concession that the consideration to be given under the Agreement represents the amount which could be or would have been recovered after trial.

20. Pending final determination of whether the settlement should be approved, Plaintiff, all Settlement Class Members and any person or entity allegedly acting on behalf of Settlement Class Members (directly, indirectly, representatively, as *parens patriae*, or in any other capacity) are preliminarily enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, bringing, joining or enforcing, directly or indirectly, in any judicial, administrative, arbitral, or other forum, any Released Claim(s), or any claim(s) relating to any action taken by a Released Party that is

authorized or required by the Agreement or this order. This injunction is necessary to protect and effectuate the settlement, this Preliminary Approval Order, and this Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. Section 1651(a).

21. This Court reserves the right to adjourn or continue the date of the Final Fairness Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. This Court may approve the settlement without further notice to Settlement Class Members.

22. In the event that any of the provisions of this Preliminary Approval Order is asserted by any Released Party as a defense in whole or in part to any Released Claim, or otherwise asserted (including, without limitation, as a basis for a stay), in any other suit, action, arbitration or other proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action, arbitration or other proceeding shall be immediately stayed and enjoined until this Court has entered an order or judgment finally determining any issues relating to such defense or assertion and no further judicial review of such order or judgment is possible. Solely for purposes of such suit, action, arbitration or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum. This paragraph is necessary to

protect and effectuate the Agreement, this Order, and this Court's flexibility and authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

23. The Court further finds that if Final Settlement Approval does not occur or if the Agreement terminates prior to Final Settlement Approval, the Parties shall return to the status quo ante in the Action, without prejudice to the right of any Party to assert any right or position that it could have asserted if the Agreement had never been reached, proposed, or preliminarily approved by the Court. In such an event, nothing in (1) the Agreement (as well as the negotiation, execution or implementation of the Agreement), (2) the Preliminary Approval Order, or (3) filed in connection with seeking entry of the Preliminary Approval Order, shall be construed as an admission or concession by CCH of any of the allegations raised in the Action or any other action, of any fault, wrongdoing or liability of any kind, or of the propriety of certification of a litigation class, nor is CCH estopped from (i) challenging those allegations in further proceedings in the Action or in any other action, or (ii) opposing any subsequent class certification motion(s). Moreover, in such event, the Parties shall be deemed to have preserved all of their rights or defenses, and shall not be deemed to have waived any substantive or procedural rights of any kind that they may have as to each other or any member of the proposed Settlement Class, including, without limitation, the right to move to compel arbitration as to any claims that might be asserted by any of the Plaintiff or by any member of the proposed Settlement Class and the right to oppose any class certification motion(s) on any ground. In addition, in such event, the filing of the Second Amended Complaint and the certification of the Settlement Class shall be vacated, and the operative complaint in the Action shall

be the First Amended Complaint filed on June 24, 2010 and the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification motion(s).

24. All proceedings in this Action are stayed pending final approval of the settlement, except as may be necessary to implement the settlement or comply with or enforce the terms of the Agreement or District Court Orders.

DATED: October 17, 2012     By: _____
                                Robert M. Dow, Jr.
                                United States District Judge